UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAZAL RAHMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MIKE JOHANNS, Secretary, U.S. Department of Agriculture,<br><br>    Defendant. | Civil Action No.  06-1283 (JDB) |

## ORDER

    Plaintiff, who is proceeding *pro se*, has filed a motion for permission to use the Electronic Case Files system known as CM/ECF.  The Court construes the motion as seeking leave to obtain a CM/ECF password pursuant to Local Civil Rule 5.4.  In support of his motion, plaintiff states that he anticipates traveling to Pakistan for an undisclosed period of time where electronic access will be necessary to ensure the timely filing of motions and responses to motions.  Plaintiff also requests that he be granted permission to continue filing papers by postal mail until some unspecified time when he has learned to make use of the ECF system.

    Plaintiff's motion does not "describe [his] access to the internet and confirm[] [his] capacity to file documents and receive the filings of other parties electronically on a regular basis."  Local Civil Rule 5.4(b)(2).  This is required because, in the event that the Court grants the motion, plaintiff will be required to complete the requisite CM/ECF training and plaintiff will no longer receive, or be able to file, paper documents.  He will be "responsible for monitoring [his] e-mail account[] . . . retrieving [] noticed filing[s]," Local Civil Rule 5.4(b)(6), and, when required, responding electronically to such filings in a timely manner.  Plaintiff has not

demonstrated his capacity to assume these responsibilities, either from his residence in Arizona or from Pakistan where he anticipates using CM/ECF.

Furthermore, plaintiff has stated his intent to continue filing paper documents by mail for the present because he is not sufficiently familiar with ECF. However, as noted above, if plaintiff is granted leave to obtain a CM/ECF password, he may not file in paper form, subject to the exceptions enumerated in Local Civil Rule 5.4(e). Lack of familiarity with CM/ECF does not fall within any of those exceptions.[1]

Accordingly, it is hereby

ORDERED that plaintiff's motion for leave to receive a CM/ECF password [2] is DENIED without prejudice to renewal with the required certifications.

/s/
JOHN D. BATES
United States District Judge

Dated:   September 18, 2006

---

[1] Because *pro se* litigants typically are not familiar with CM/ECF, they are categorically excepted from the requirement of electronic filing. See Local Civil Rule 5.4(e)(3). Of course, if a *pro se* litigant does elect to file through CM/ECF pursuant to a motion requesting leave of Court to do so -- as plaintiff has done here -- he bears the duty of learning CM/ECF and using it exclusively for his filings (Local Civil Rule 5.4(a), (b)(2)), unless one of the exceptions in Local Civil Rule 5.4(e) applies.