## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **FAZAL RAHMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-01283 (JDB)** |
| | ) | |
| **MICHAEL JOHANNS, SECRETARY,** | ) | |
| **Department of Agriculture** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

Defendant Michael Johanns, Secretary, United States Department of Agriculture, respectfully moves the Court, pursuant to Fed. R. Civ. P. 8(a), 12(b)(6) and 12(e), to dismiss the Complaint or, alternatively, for an order requiring Plaintiff to provide a more definite statement. In support, Defendant submits the attached memorandum of points and authorities and proposed order.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
UNITED STATES ATTORNEY

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
OLIVER W. MCDANIEL, D.C. Bar # 377-360
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **FAZAL RAHMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-01283 (JDB)** |
| | ) | |
| **MICHAEL JOHANNS, SECRETARY,** | ) | |
| **Department of Agriculture** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

The Defendant, through counsel, the United States Attorney for the District of Columbia, respectfully moves this Court, pursuant to Fed. R. Civ. P. 8(a), 12(b)(6) and 12(e) to dismiss the Complaint or, alternatively, for a more definite statement. As grounds for this motion, Defendant submits that Plaintiff has worded the Complaint in such a confusing manner, integrating claims of error concerning a separate "class action" claim that was resolved by settlement at the administrative level with a discussion about his individual class action/Title VII claims, that it is unclear which agency action is the subject of Plaintiff's claims and whether, among other things, Plaintiff is advancing a class action suit in the present case. Defendant submits, therefore, that Plaintiff's claims are so confusing that they fail to give Defendant the fundamental fair notice required of a civil complaint. Accordingly, these claims should be dismissed or, alternatively, Plaintiff must provide a more definite statement because Defendant is unable to provide a coherent response to the Complaint as drafted.

## BACKGROUND

On November 18, 1999, lead Class Agent Arun Basu, Ph.D., filed a formal complaint of discrimination on behalf of a proposed Class of Asian/Pacific Islander employees of the U.S. Department of Agriculture (USDA) at any grade level who, between February 1994 and the present, had: (1) applied for a promotion;(2) been detailed to a different position; (3) been demoted to a lower position; (4) been stripped of managerial duties and responsibilities; (5) had not been selected for a position with managerial duties or responsibilities; (6) had been subjected to reprisal for filing a complaint(7) had filed a discrimination complaint that had not been resolved; or (8) been terminated from his or her position and thereafter filed a discrimination complaint (Defendant's Motion to Dismiss or Transfer ("DMTDT") Exh. A  pp. 1-2).

On May 1, 2001, Plaintiff Fazal Rahman (Rahman) filed with USDA an individual complaint of discrimination in which he alleged that the USDA Agricultural Research Service discriminated against him based on his race (Asian), national origin (Pakistan), age (59) and in reprisal for prior equal employment opportunity (EEO) activity when he was not selected for the positions of Associate Deputy Administrator, Beltsville, Maryland, under Announcement #ARS-SES:00-12, and Agricultural Administrator, Albany, California, under Announcement #ARS-X1W-1040 (DMTDT Exh. B, Declaration ¶ 12 and attached complaint of discrimination).  By a July 12, 2001 letter to Rahman, the Chief of the Employment Complaints Division, Office of Civil Rights, USDA, Washington, D.C., accepted his complaint and referred it for investigation (DMTDT Exh. B, attached letter).

On October 31, 2003, a settlement agreement was executed in the Basu et al. v. USDA Class Action, EEOC #100-A1-7863X, Agency No. 000190 (Settlement Agreement) (DMTDT Exhibit A;

Compl. Exh. 3). The class of persons to which the Settlement Agreement pertained was comprised of "[a]ll current Asian/Pacific Islander employees at the GS-7 level and above who were eligible for but have not received promotions and all Asian/Pacific Islander current employees who were eligible for and have applied for positions with the Department but have not been selected." (DMTDT Exh. A p.3; Compl. Exh. 3 p.2.). The Settlement Agreement provided for injunctive relief, in effect for three years, which required, among other remedial measures, that the USDA create job placement and graduate scholarship programs, hold an agency-wide job fair at four regional locations, and develop an agency-wide affirmative employment plan and other remedial policies.

The Settlement Agreement also provided for individual relief, for purposes of which the class is divided into four tiers, with different relief provided to each tier. (DMTDT, Exh. A, pp. 9-17; Compl. Exh. 3 pp. 2-3.). The Settlement Agreement was subject to Equal Employment Opportunity Commission (EEOC) approval (DMTDT, Exh. A, pp. 17-19; Compl. Exh. 3 p.5). By joint motion dated November 14, 2003, and filed with the EEOC Administrative Judge assigned to the Basu class action, the parties to the Settlement Agreement sought its approval. By decision dated January 27, 2004, the EEOC AJ granted preliminary approval of the Settlement Agreement. (Compl. Exh. 11 and Exh. 1 p.2.)

Following preliminary approval of the Settlement Agreement, USDA sent a cover letter, Notice of Proposed Settlement, and the Settlement Agreement by regular mail to all current permanent Asian/Pacific Islander employees who had administrative complaints that were subsumed by the Class Action, as well as to all identified Asian/Pacific Islander employees who fell under the Class definition, but who did not have pending individual administrative complaints of discrimination. The Notice was also posted on the USDA web site and in appropriate USDA

3

bulletins.  The Notice provided that Class Members would have 30 days in which to file objections, if any, with the Administrative Judge.  The cover letter, dated February17, 2004, sent to Rahman along with the Notice and Settlement Agreement, notified him (among others similarly situated) that his individual complaint of discrimination fell under Tier Three of the Settlement Agreement, which proposed that he could elect to receive a lump sum payment of $5,000 or participate in an expedited hearing on his individual complaint (in addition to being afforded the injunctive relief described above). (DMTDT Exhs. A and C; Compl. Exh. 3 and Exh. 4 p.1).  Rahman filed an objection to the Settlement Agreement with the Administrative Judge (Compl. Exh. 6).

On December 7, 2004, the EEOC AJ issued a decision granting final approval of the Settlement Agreement (Compl. Exh. 1).  Rahman filed an appeal of that decision, dated January 4, 2005 (Compl. Exh. 4), to which the parties to the Settlement Agreement filed a joint opposition dated March 11, 2005 (Compl. Exh. 8).  By decision dated May 3, 2005, the EEOC affirmed the AJ's finding that the Settlement Agreement was fair, adequate and reasonable to the Class as a whole.  The EEOC also determined that Rahman was not a Class Member entitled to relief under the Settlement Agreement. (Compl. Exh. 7.)  Rahman filed a request for reconsideration (Compl. Exh. 5), to which the parties to the Settlement Agreement filed a response (Compl. Exh. 9).  By decision dated June 28, 2005, the EEOC denied Rahman's request and advised that its decision was final and that he had no further right of administrative appeal.  The EEOC further advised Rahman that he had the "right to file a civil action in an appropriate United States District Court" within 90 calendar days from the date he had received the decision. (Compl. Exh. 2.)

Despite the EEOC determination that Rahman was not a class member entitled to relief, the USDA nonetheless offered, and continues to offer, Plaintiff relief because it previously had

identified him as a class member. However, Plaintiff has to date rejected this offer, and USDA is still holding his administrative complaint in abeyance. (DMTDT Exh. B ¶ 13; Compl. Exhs. 13-17, 25.)

Rahman originally filed his district court Complaint on September 30, 2005 in the U.S. District Court for the District of Arizona. Compl., Rahman v. Johanns, 2:05-cv-03010-DGC; Order, (Dkt. 1) Rahman v. Johanns, 06-01283 (JDB) (U.S. District Court for the District of Columbia) . Defendant moved, pursuant to Fed.R.Civ.P. 12(b)(3) and 42 U.S.C. § 2000e-5(f)(3), to dismiss the case without prejudice for lack of venue or transfer of the case to an appropriate venue.[1] The Honorable David G. Campbell of the U.S. District Court for the District of Arizona determined that venue properly lay in the District of Columbia for several reasons: (1) the USDA officials who negotiated and executed the Settlement Agreement were employed in Washington, D.C.; (2) the Settlement Agreement appeals were filed and responses were drafted in Washington, D.C.; (3) those responsible for implementation of the Settlement Agreement were employed in Washington, D.C.; and (4) the employment records relevant to the non-selections at issue were maintained in Washington, D.C.. See Order at p. 5 (Dkt. No. 25), 2:05-cv-03010-DGC (U.S. District Court for the District of Arizona) and (Dkt. No. 1), Rahman v. Johanns, 06-01283 (JDB) (U.S. District Court for the District of Columbia). For these reasons, Judge Campbell transferred the case to this Court. Id. at 5-6.

## THE COMPLAINT

The Complaint is quite voluminous. The body of the Complaint consists of nineteen (19) paragraphs. Twenty-five (25) Exhibits accompany the Complaint, totaling one-hundred and

---

[1] Defendant reserved any other potential grounds for dismissal.

seventy-four (174) pages.  Plaintiff states "This case is being filed against the . . . settlement agreement of the USDA Asian/ Pacific Islander Class Action Case #000190, EEOC #01A10660 . . . which is . . . unfair to the overwhelming majority of class members. " Compl. at 1.  Plaintiff alleges that his appeal was one of four appeals (the other three were not filed by Plaintiff) opposing this settlement agreement.  Id. at 2.  Plaintiff acknowledges that the Office of Federal Operations (OFO) of the U.S. Equal Opportunity Employment Commission (EEOC) allegedly dismissed all four appeals and upheld the settlement agreement.  Id. at 2.

Plaintiff, a self described Asian-American (Compl. at 3), states that "[t]his case i [sic] proposed to be directed towards addressing the two main following categories of issues:  I. Class issues [and] II. Individual issues." Compl. at 2.  In Subheading A under the "Class Issues," Plaintiff details the parties' change in the definition of class from the original OFO definition to the one outlined in the settlement agreement.  Id. at 2-6.  He asserts that this change in class definition resulted in a few class agents getting substantially greater monetary and professional relief than the remainder of the original class.  Compl. at 4.  He also asserts that the new class definition, which only included current employees of the Defendant, excluded the majority of Asian/Pacific persons who applied for Agency positions and were not selected because most members of this group were not current employees of Defendant.  Id. at 5.

After discussing the alleged problems purportedly caused by altering the class definition, Plaintiff described the monetary relief and professional relief provided by the Settlement Agreement.  Compl. at 7-12.  Plaintiff provided a breakdown of the monetary relief purportedly provided to each of the four tiers into which the class was divided.  Id. at 7-10.  He alleges disparate treatment of various groups within the class.  Id. at 7.  Specifically, he notes that six Class Agents got almost all

6

of the professional and monetary relief.  Id. at 8.  Plaintiff notes that "his cases of employment discrimination (USDA #010538) have been held in abeyance, for more than four years now, because of this class action."  Id. at 7.  He also states that he was entitled to $5,000 in relief because he was a member of Tier Three.  Compl. at 9.  However, he alleges that this compensation would be inadequate to provide him with all forms of relief to which he was entitled.  Id.  He states that his case of employment compensation (held in abeyance for four years) involves more than $400,000 in back pay alone.  Id. at 9.  After noting that only the six Class Agents in Tier One received professional relief in the form of promotions and leadership training, Plaintiff then discusses the harm to himself and the majority of class members because they were denied access to injunctive relief.  Id. at 11.

Plaintiff goes on to note that some of his individual issues "are closely interwined with the class."  Comp. at 11.  He states that he applied for two higher-level agency positions during 2000 – (1) Agricultural Administrator, ARS-X1W-1040 (GS 15) and (2) Associate Deputy Administrator, ARS-SES-00-12 .  Id. at 12.   After failing to secure these positions, Plaintiff filed a case of employment discrimination in 2000, USDA Case #010538.  Id.  As previously noted, that case has been held in abeyance for four years.  Id.  Plaintiff emphasizes his superior job qualifications (international and intercultural experience as well as knowledge of seven different languages) and maintains that his qualifications and experience should have placed him as a Tier 1 class member instead of a Tier 3 class member.  Compl. at 12-13.  Plaintiff stated that the purpose of describing his "individual subjugation to various injustices [is] to try to illustrate or illuminate such facts in general, which are relevant to the Class as a whole."  Id. at 13.  He further stated "I know that there are a great number of victims of such injustices of the agency.  However, I do not know the actual

details of their experiences.  Otherwise I would have described them as well." Id. 13-14.  Despite

stating that he did not know of the injustices experienced by other agency employees, Plaintiff later

stated that he also has USDA Class Action Case #020077, EEOC Appeal Docket #01A50945 with

which his individual case, #010538, is associated.  Compl. at 17.

Plaintiff divides his prayer for relief (labeled "Demand") into three parts: (1) Relief requested

for Class issues, (2) Relief requested for individual issues, and (3) condemnation of the EEOC's

actions.  Compl. at 17-18.     The Class based relief includes: (1) stopping the implementation of

the Settlement Agreement; (2) declaring the present definition of the Asian/Pacific Islander class

to be null and void; (3) restoring the original OFO-EEOC definition of that class; (4) dismissing the

Class Agents; (5) ordering the agency to negotiate a fair and reasonable settlement agreement; and

(6) conducting a public investigation into this entire affair.  Id..  The individual relief (relief for

Plaintiff only) includes a suitable job, back pay, compensatory damages, and punitive damages.  Id.

at 18.    The final form of relief requested involves a judge writing an analysis of the EEOC's

behavior in this case.  Id. at 18.

## ARGUMENT

### A.  Legal Standard of Review for Motion to Dismiss

Defendant moves to dismiss Plaintiffs' Complaint under Rules 12(b)(1) and 12(b)(6) of the

Federal Rules of Civil Procedure.  A court may resolve a motion to dismiss for lack of subject matter

jurisdiction under Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely

on the complaint.  Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).

Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of

the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  See id.

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) may be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim for relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).  The Court is to treat the Complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993), and must grant Plaintiff "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979).  However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).   Applying these standards demonstrates that Plaintiff's Complaint should be dismissed.

### B.   The Complaint Should be Dismissed or Revised

Plaintiff's Complaint, in context, is incoherent and confusing.  As to any causes of action that Plaintiff attempts to advance, Defendant cannot determine whether Plaintiff is merely seeking judicial review of the Basu class action settlement or is somehow integrating claims about the Basu settlement into his own suit for relief under Title VII.   Moreover, the Complaint leaves Defendant wondering whether Plaintiff is advancing a class action claim or a simple claim for individual relief.  Although Plaintiff labels sections of the Complaint so as to make a distinction between class issues

and individual issues, he incoherently mixes his individual grievances with those of the class. Plaintiff also intermingles concerns about the propriety of the <u>Basu</u> class action settlement.

Under the Federal Rules, the principal function of the Complaint is to give the Defendant fair notice of the claims asserted so that the Defendant can make an adequate response, either by answer or dispositive motion. Here, the Complaint fails to meet even these minimum requirements.

Rule 8(a), Fed. R. Civ. P., states that a claim:

> [S]hall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

<u>Id</u>. Similarly, Rule 10(b), Fed. R. Civ. P., requires that:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

<u>Id</u>.

"The purpose of [Rule 8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." <u>Brown v. Califano</u>, 75 F.R.D. 497, 498 (D.D.C. 1977) (citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217). "Beyond this, the rule serves to sharpen the issues to be litigated . . . ." <u>Brown</u>, 75 F.R.D. at 498 (dismissing <u>pro se</u> plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action). Plaintiff's Complaint fails to comply with the Rules.

10

The Court should enter an order pursuant to Fed. R. Civ. P. 12(e) requiring Plaintiff to amend the Complaint in order to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Fed. R. Civ. P. 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

A more definite statement of Plaintiff's claims is critical because, as stated, to the extent Plaintiff is advancing Title VII claims, he must have filed a timely administrative claim with the employing agency and exhausted his administrative remedies before filing a civil action. Plaintiff's Complaint lacks the necessary clarity and specificity to enable Defendant to understand the nature of the claims against his Department. Rather, Plaintiff's Complaint appears to seek to advance both his individual claims and those of an undefined class of litigants. The commonality of these claims, if any, remains unclear because of the Complaint's lack of focus, organization, and coherence. In its present form, the claims set forth in the Complaint do not appear actionable, making it exceedingly difficult for Defendant to proceed with discovery, if discovery is appropriate in the case, or even to prepare an answer to the Complaint, without a more definite statement of the specific alleged wrongful acts that serve as the bases of Plaintiff's claims for relief. See, e.g., September 28, 2006 Memorandum Opinion and Order at 3, Gilbert v. Chertoff, 2006 WL 2793169 (D.D.C. September 28, 2006) (No. Civ. 05-2128 (RJL)) (ordering plaintiff to file a more definite statement where "plaintiff fails to distinguish . . . 'background evidence' from the alleged discriminatory conduct that forms the basis of his actionable claims") (attached).

11

## CONCLUSION

WHEREFORE, Defendant respectfully submits that the Court should dismiss Plaintiff's claims or require Plaintiff to amend his Complaint such that it provides a more definite statement of his claims.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
UNITED STATES ATTORNEY


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

November 15, 2006

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of November, 2006, I caused the foregoing Defendant's Motion to Dismiss or for a More Definite Statement, supporting memorandum of points and authorities, and proposed Order, to be served on Plaintiff, *pro se*, by the Electronic Case Filing system, to the extent that he has access, and by mail, postage prepaid, addressed as follows:

Fazal Rahman, Ph.D.
P.O. Box 1422
Glendale, AZ 85311


_____/s/_____
OLIVER W. MCDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 616-0739