UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAZAL RAHMAN, )<br>)<br>       **Plaintiff,** )<br>)<br>       v. )<br>)<br>MICHAEL JOHANNS, SECRETARY, )<br>Department of Agriculture )<br>)<br>       **Defendant.** )<br>_____) | Civil Action No. 06-01283 (JDB) |

### REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT AND[1] OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Defendant, through counsel, the United States Attorney for the District of Columbia, respectfully submits this memorandum both in reply to Plaintiff's opposition to Defendant's Motion to Dismiss and for a More Definite Statement and in opposition to his Motion for Summary Judgment. The opposition filed by Plaintiff, *Pro se*, provides no legally sufficient grounds to deny Defendant's Motion to Dismiss or For a More Definite Statement. Further, Plaintiff falls far short of satisfying the standards for summary judgment. Rather, Plaintiff merely rehashes the same nebulous, incoherent allegations of his Complaint with the same rambling invective characteristic of his previous writings. His claims are still lacking the requisite clarity to support a viable civil action.

---

[1] Plaintiff styled his Motion as a "Request to deny and disregard the Defendant's Motion to dismiss or for a more definite statement. Plaintiff's Motion for Summary Judgment." For convenience, it will be referred to throughout this Motion as Plaintiff's Opposition to Defendant's Motion to Dismiss and for a More Definite Statement (hereinafter "Plff. Opp. Mot. Dismiss").

I.  **DISCUSSION**

   A.  **Defendant's Motion For A More Definite Statement Should Be Granted Because the Complaint is Insufficiently Clear to Allow Defendant to Compose a Coherent Response.**

Plaintiff incorrectly asserts that his Complaint is "as definite and clear as [it] can be." Plff. Opp. Mot. Dismiss at 15. "The essence of a complaint is to inform the defendant as to the general nature of the action and as to the incident out of which a cause of action arose." Bower v. Weisman, 639 F.Supp. 532, 538 (S.D.N.Y.1986), citing Boothe v. TRW Credit Data, 523 F.Supp. 631, 635 (S.D.N.Y.1981). In this case, both the Complaint and Plaintiff's opposition neither describe: the general nature of the action nor the circumstances from which the cause of action arose.

The general nature of Plaintiff's action remains unclear. Neither the Complaint nor any other document submitted by Plaintiff indicates whether his suit is based on an individual claim or a class action claim. Indeed, Plaintiff admits that he is seeking review of a class settlement while simultaneously seeking resolution of his individual case, whatever that case may be. Plff. Opp. Mot. Dismiss at 3. Plaintiff maintains that Defendant should be able to comprehend his lawsuit because "[Defendant] attempted to settle his individual case within the framework of APA Class Action Case of Basu et al.." Plff. Opp. Mot. Dismiss at 2. Defendant's prior knowledge and activities during the earlier Basu class action suit are irrelevant to the issue of the clarity of the de novo Complaint here. In order to answer this Complaint, Defendant minimally needs to know whether Plaintiff's case involves a class of plaintiffs or a single plaintiff. Defendant also needs some indication of the nature of the commonality of these claims. Plaintiff has failed to describe even the smallest degree of commonality between himself and these allusive class members. His calls for "the restoration of the EEO definition of the Class" speak to some past class definition of which Defendant lacks

knowledge. See Plff. Opp. Mot. Dismiss at 4. Plaintiff's description of the former class neither sufficiently defines a current class with himself as class representative nor adequately pleads grounds for a class action.

Similarly, Plaintiff has failed to articulate the circumstances from which the cause of action arose. The section of Plaintiff's Opposition entitled "The four main issues-the substance- of the Complaint" (Plff. Opp. Mot. Dismiss at 8-13) exemplifies the confusing nature of his Complaint. In that section, Plaintiff once again indiscriminately mixes his criticisms of the class action settlement (Basu) with his individual grievances, while failing to articulate a legally cogent connection between the two subjects. Among the allegations included in this section appear to be: (1) Defendant's "unconstitutional change in the definition of class" (Plff. Opp. Mot. Dismiss at 8), (2) Defendant's inequitable distribution of relief to Class agents (id. at 8-10), (3) discrimination against Plaintiff by Defendant (id. at 11), and (4) the inadequacy of the settlement offer during the class action (id. at 11-12). Within this patchwork of declarations is little descriptive information from which Defendant can discern what, if any, incidents may have given rise to the claim.

Despite his assertion to the contrary, Plaintiff still has not provided Defendant with sufficient information on which to determine whether he has exhausted his remedies. Plaintiff cites 29 C.F.R. § 1614.407 (he refers to it as "Title VII 1614.407), which provides the statutory measure of exhaustion of remedies. Plff. Opp. Mot. Dismiss at p. 5. Time periods for exhaustion are measured from dates of filing for individual or class complaints. The statute only applies to the following persons: (1) a complainant who has filed an individual complaint, (2) an agent who has filed a class complaint, and (3) a claimant who has filed individual relief pursuant to a class complaint. The Complaint is so ambiguous as to the nature of the suit that Defendant is unable to determine which

claims (individual or class action) should be used to measure the time period for exhaustion. Defendant also cannot establish whether Plaintiff falls into any one of these classifications of persons.

The Complaint fails to specify sufficiently what acts and actors form the basis for this suit. This type of ambiguous pleading effectively precludes Defendant from fashioning a coherent answer to the Complaint, and, at the discovery stage, could force Defendant to litigate a host of discovery issues unnecessarily. Moreover, to the extent that Defendant is expected to preserve documents, interview and later identify potential witnesses, and, especially, fashion appropriate defenses, Defendant clearly needs to know what claims are actually in issue. Setting forth defenses is, of course, an essential function of an Answer, so Defendant needs to know exactly what claims are being advanced in order to assess what defenses should be asserted in the Answer. Defendant may have a basis for filing a dispostive motion on other grounds and minimally must have a coherent statement of Plaintiff's claim or claims to make this determination.

Plaintiff expresses a relaxed attitude toward specificity in pleading. See Plff. Opp. Mot. Dismiss at 8 ("I believe that this case can also be considered under the Whistleblower laws as it involves frauds and fraudulent and deceptive acts of the Defendant. I am not a legal technician. As a Plaintiff of a pro se case, I trust and request the Learned and Honorable Judge to determine and decide which of these categories are applicable to this case."). While this Court may, and is encouraged to, construe liberally claims advanced by *pro se* litigants, this Court should decline to play the role of advocate for Plaintiff and construct claims based on little more than his bald assertions.

### B. Defendant's Motion to Dismiss under Rule 12(b)(6) should be Granted Because Plaintiff's Grossly Incoherent Complaint Fails to State A Claim Upon Which Relief Can be Granted

Plaintiff's efforts to rebut Defendant's Motion to Dismiss under Rule 12(b)(6) suffer from the same flaws as his arguments about Defendant's Motion for a More Definite Statement: he provides neither legal precedent nor coherent reasoning. Plaintiff asserts that Judge Campbell's decision to transfer venue in Rahman v. Johanns, 05-03010 (DGC) (D. Ariz.) resolved the issue of proper jurisdiction because the Court did not dismiss the case as Defendant had requested. Plff. Opp. Mot. Dismiss at 6. This reasoning is flawed because the express terms of the Arizona District Court order actually granted Defendant's motion to dismiss or transfer. Moreover, Defendant had advanced that motion under Fed. R. Civ. P. 12(b)(3) (improper venue), whereas, now Defendant advances a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) (failure to state a claim upon which relief may be granted).[2]

After offering irrelevant, unsupported arguments in opposition to Defendant's Motion to Dismiss, Plaintiff discounts the importance of proper jurisdiction. He argues instead that "violations of the Constitution and civil rights acts . . . are incomparably more important than the issues of proper venue, jurisdiction, numbering of paragraphs in the Complaint, etc." See Plff. Opp. Mot. Dimiss at 6 (internal citations omitted). He characterizes jurisdiction and other fundamental tenets

---

[2] Plaintiff also makes the erroneous argument that the District Court of Arizona would have heard his case if his Complaint only contained claims based on the Class Settlement Agreement issue. Plff. Opp. Mot. Dismiss at 6. This is a gross misreading of Judge Campbell's Order in Rahman v. Johanns, 05-03010 (DGC). Judge Campbell found venue improper both for Petitioner's individual claims and his settlement claims. Rahman v. Johanns, 05-03010 (DGC) (Dkt. 25) pp. 4-6. That Order specifically rejected Plaintiff's argument that venue was proper in Arizona because the class action Settlement Agreement concerned class members from every state, a suit against the Settlement Agreement could be filed anywhere a plaintiff lived. Rahman v. Johanns, 05-03010 (DGC) (Dkt. 25) pp. 4-5 (holding that Plaintiff's argument "would undermine the intent of 42 U.S.C. 2000e-5(f)(3) which "seek[s] to limit venue to the judicial district concerned with the alleged discrimination." (internal citations omitted) (internal quotations omitted)). Likewise, Plaintiff concedes that Judge Campbell found venue improper in Arizona vis a vis his individual employment discrimination claims. (Plff. Opp. Mot. Dismiss at 6).

of Federal Civil Procedure as "mere trivialities" and accuses Defendant of magnifying them. Plff. Opp. Mot. Dismiss at 6-7. If Plaintiff is accusing Defendant of vigorously defending the rule of law as set forth in the Federal Rules of Civil Procedure, then Defendant pleads "guilty as charged."

    **C.**    **Defendant's Motion for Summary Judgment Should be Denied Because It is Both Substantively and Procedurally Flawed.**

Plaintiff's most glaring misapplication of the Federal Rules of Civil Procedure is manifest in his grossly unsupported Motion for Summary Judgment. This Motion is part of his opposition to Defendant's Motion to Dismiss and appears to be supported by nothing more than the convoluted allegations of his Complaint. See Plff. Opp. Mot. Dismiss at 2 ("[T]he Plaintiff is also filing the Motion for Summary Judgment here. The following analysis and arguments address and illuminate both these matters."); Id. at 14 ("It is impossible for the Defendant to contradict or refute these ["four main issues-the substance of- the complaint"] or defend its indefensible actions connected with these. . . . it is hereby requested that the Honorable Judge issue a Summary Judgment in this Complaint in favor of the Plaintiff.").

Plaintiff has failed to comply with the standards and procedures required for motions for summary judgment. Summary judgment is appropriate when the record shows that no genuine issue exists as to any material fact and when the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). See Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999) (accepting plaintiff's "conclusory allegations . . . would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial."). Local Civil Rule of Civil Procedure 7(h), "Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving

6

party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement." Plaintiff's so-called motion contains no such statement of material facts. It is comprised of bare allegations without admissible evidence in support. Accordingly, Plaintiff's Motion for Summary Judgment should be denied because it is grossly inadequate both in form and substance.

**CONCLUSION**

WHEREFORE, Defendant respectfully submits that Defendant's Motion to Dismiss or for More Definite Statement should be granted and that Plaintiff's Motion for Summary Judgment should be denied.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
UNITED STATES ATTORNEY


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
OLIVER W. MCDANIEL, D.C. Bar # 377-360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

December 18, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of December, 2006, I caused the foregoing Defendant's Reply Memorandum to Plaintiff's Opposition to Defendant's Motion to Dismiss or for a More Definite Statement and Defendant's Opposition to Plaintiff's Motion for Summary Judgment to be served on Plaintiff, *pro se*, by the Electronic Case Filing system, to the extent that he has access, and by mail, postage prepaid, addressed as follows:

Fazal Rahman, Ph.D.
P.O. Box 1422
Glendale, AZ 85311

/s/
OLIVER W. MCDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 616-0739