UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

JAN 3   2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FAZAL RAHMAN )
)
Plaintiff )
)
)
)
)
Vs. )
)
) Civil Case No. **1:06-cv-1283 (JDB)**
)
MIKE JOHANNS )
SECRETARY, U.S. DEPARTMENT )
OF AGRICULTURE )
)
Defendant )
)
)

## RESPONSE TO DEFENDANT'S REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT AND DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT. SUPPLEMENT TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.

I received the Defendant's above Reply Memorandum (hereinafter RM) of December 18, 2006, today, on December 27, 2006. In it, as expected, the Brave New Attorneys (BNAs) of the post-Orwellian Brave New World (BNW) are at it again, spraying fog and mud on the perfectly clear Complaint and its totally clear, precise, and scientifically documented and analyzed facts, evidence, claim, and relief. It seems that such activity has become a standard practice of the BNAs in civil rights cases, like this, and they are now acting as legal magicians, attempting to

make the reality, facts, and evidence disappear, right in front of one's eyes, with the magic of legal semantics. The court is requested to refer to my previous document, "Request to deny and disregard the Defendant's Motion to dismiss or for a more definite statement. Plaintiff's Motion for Summary Judgment" of December 1, 2006, in this connection, as well as the following further response to Defendant's continued attempts of disinformation, distortion, perversion, and muddying the waters. I will try to finish and mail this new document as soon as possible.

Like its previous pathetic, anti-logical, and anti-factual motion, this RM of the Defendant continues the incredibly arrogant solipsism, denial of reality and facts, and malicious splitting of the hair. Some of its assertions are absolute nonsense, as identified in the following analysis.

RE. I. **Discussion,** A. **Defendant's Motion for a more definite statement** .....(page 2 of RM).

What the Defendant has written, under this section of the RM, makes no sense whatsoever. Someone would have to be blind, brain-dead, or incredibly brainwashed to write and assert such nonsense. The nature of Defendant's actions, circumstances, and the causes of action have been identified and described repeatedly in the Complaint, its associated documents, those previously submitted as well as the new ones, submitted to this Court. And yet, the Defendant asserts, "*In this case, both the Complaint and Plaintiff's opposition neither describe: the general nature of the action nor the circumstances from which the cause of action arose.*" (RM, p.2). Anyone, who reads the Complaint and other documents and is not mentally deficient, will instantly see the total absurdity of this pathological assertion. This is the denial of reality and facts carried to its extreme.

On pages 2 and 3 of the RM, the Defendant continues the extensions of this absurdity, with continuous efforts to muddy the waters and then feign confusion for not seeing anything in

them. It is grotesque of the Defendant to pretend and act as if this is an entirely new case, being filed in the court, in vacuum, without any previous history of processing and adjudication at the agency or the EEOC. This is a continuing case that had its origins at the agency, was processed and adjudicated by it, and then was also processed and adjudicated at the EEOC. As the Defendant knows very well, the case had originated as a class action and individual case, on behalf of the Asian/Pacific American (APA) Class, by Basu ct. al., into which numerous APAs, including the Plaintiff, and their individual cases were integrated for resolution. A totally unjust, coercive, unreasonable, inadequate, and corrupt settlement agreement was imposed on the APA Class, through various coercive, illegal, unconstitutional, and dishonest maneuvers by the agency, with the collaboration of EEOC. These have been identified and analyzed in the Complaint and other documents. The Plaintiff was offered a grotesquely unjust and racist-discriminatory relief of $5,000, in exchange for withdrawing his individual case, *within the framework of that settlement agreement.* The Plaintiff refused to accept that offer as well as the validity of the corrupt, unjust, unconstitutional, and illegal APA Class Settlement Agreement. These matters have been identified, documented, and analyzed, painstakingly and in detail, in the Complaint and other documents, with scientific precision. In the Complaint and other documents, especially in the above-cited submission of December 1, 2006, the nature of this case is crystal clear. The real questions are: *What is the matter with the Defendant? Why is he unable to see such clearly identified and described facts? Is the Defendant pretending to be blind or is really blind? Is the Defendant incapable of dealing with even a minimal level of complexity that is involved in this Complaint, namely the co-existence of the class and individual issues in the settlement agreement, a co-existence generated by the Defendant itself and maintained throughout its processing and adjudication at the agency and the EEOC?* The level of complexity in this Complaint, in regard to the co-existence of class action and individual cases, is minimal indeed. And yet, the Defendant is exaggerating and magnifying it

to the maximum, feigning inability to comprehend or respond to it! Many legal cases are incomparably more complex. If such pretensions are allowed to stand, the obtaining of justice through the court system will become impossible in most of those cases.

On page 2 of the RM, the Defendant makes another astounding assertion, *"Defendant's prior knowledge and activities during the earlier Basu class action suit are irrelevant to the issue of the clarity of the de novo Complaint here."* To begin with, there never was any court suit filed in the Basu Class Action Case. This is the first court suit being filed, as continuation of that class action case, against its settlement agreement. The Defendant has all the information and documents of the processing and adjudication at the agency and EEOC in its records. These are most relevant as well as essential to this Complaint, clarity of various issues, and the Defendant's responses and actions. The Defendant's above assertion, in regard to their "irrelevance", is bizarre in the extreme. It is the Defendant's job to research and integrate these into its motions, responses, and other actions. It has no right to evade this responsibility and shift it onto the Plaintiff. The Defendant is not only doing that but using its own irresponsibility and negligence to assault the Complaint and to attempt its dismissal on that basis! What Brave New Attorneys of the Brave New World!

Also, on page 2 of the RM, the Defendant states, *"In order to answer this Complaint, Defendant minimally needs to know whether Plaintiff's case involves a class of plaintiffs or a single plaintiff. Defendant also needs some indication of the nature of the commonality of these claims. Plaintiff has failed to describe even the smallest degree of commonality between himself and these allusive class members. His calls for "the restoration of the EEO (sic) definition of the Class" speak to some past definition of which Defendant lacks knowledge."* Again, the Defendant is engaging in ridiculous pretensions. Is it not totally obvious that I am the only Plaintiff officially listed on the Complaint documents? Is it not equally obvious that the case is on behalf of all the other APA Class Members of the Basu et. al. APA Class Action

Case, as well as those who were illegally and unconstitutionally denied the APA Class status in that case? As far as the commonality between myself and other APA Class Members is concerned, that is also self-evident and documented throughout the complaint and other documents. First, I am an Asian American, like all the other Asian Americans of the APA Class. Second, I am a former employee of the agency. Third, like numerous other APA Class Members, I was discriminated against in job applications, distribution of the monetary and professional relief in the settlement agreement, and other matters. Fourth, I was illegally and unconstitutionally removed from the APA Class, like numerous other APA Class Members, who are not current employees of the agency, even though all of us-the current employees and those who are not current employees-were job applicants for the positions of the same agency during the same time frame. Is that too complicated for the Defendant to understand? The last sentence in the above-quoted statement, in regard to its lack of knowledge of the original EEOC definition of the Class is a blatant and naked lie. That definition, as well as its unconstitutional and illegal change by the Defendant-for the explicit purpose of expelling those APA persons from the Class, who are not current employees of the agency, in total violation of the Constitution and Title VII Civil Rights Act-are there on page 2 of the Complaint as well as in many other documents that are in the possession of the Defendant. I have repeatedly referred the court and the Defendant to those in my various documents. The Defendant is, totally irrationally and maliciously, fabricating non-existing problems here, in complete bad faith.

On page 3 of the RM, one finds another self-contradictory absurdity. In the last paragraph on that page, the Defendant is claiming lack of sufficient information on which to determine whether the Plaintiff has exhausted his (administrative) remedies. All that information is present in the documents and records that are in possession of and accessible to the Defendant. In fact, on page 2 of its Motion of November 15, 2006, *"Defendant's Motion to dismiss or for a*

*more definite statement*", the Defendant lists the filing dates of the APA Class Action Case as November 18, 1999, and of Plaintiff's individual Case as May 1, 2001. And yet, the Defendant is claiming ignorance of these dates on page 3 of the RM, and, on that basis, its inability to determine whether the period of administrative remedies has been exhausted! One is forced to ask the question again and again: *What is wrong with the Defendant? How can it do that?*

On page 5 of the RM, under B., *Defendant's Motion to dismiss under Rule 12 (b)(6)....,* the Defendant reiterates its nonsensical and reality-and-facts-denying assertion that the Complaint has failed to state a claim upon which relief may be granted, and, on that delusionary basis, demands that the Complaint be dismissed. Such an assertion is an insult to anyone's intelligence who is capable of reading the contents of the Complaint. The claim, its nature, the various concrete and specific issues involved in it, and the requested relief on that basis, are all precisely identified, described, and analyzed in the Complaint and its various associated documents. The concrete and specific issues of the Complaint constitute the essence of the claim. The claim and its component issues have been repeatedly listed, described, and analyzed in the Plaintiff's Complaint and various submissions, most recently in the above-cited submission of December 1, 2006, in opposition to the Defendant's Motion. *Why can the Defendant not see these? Why is it denying their existence?*

At the beginning of Page 6 of the RM, the Defendant claims to be vigorously defending the rule of law as set forth in the Federal Rules of Civil Procedure. It would indeed be admirable if it was not so totally and self-servingly selective and hypocritical. The Defendant is not only totally ignoring the incomparably more important violations of the constitution and civil rights laws, involved in this Complaint, but attempting to butcher these by abusing, misinterpreting, and misapplying some of the former as hatchets.

**Re: Plaintiff's Motion for Summary Judgment**

On page 6 of the RM, Defendant unleashes still more disinformation in connection with the

plaintiff's Motion for Summary Judgment. Even though I am not an attorney, I have read

enough about summary judgments to see through the disinformation and totally inadequate and

flawed opposition of the Defendant to this Motion.

Even the sub-title of Defendant's RM, *"Defendant's Motion for summary judgment should be*

*denied because it is both substantively and procedurally flawed"*, is erroneous in this regard. It

is not the *Defendant's* but *Plaintiff's* Motion for Summary Judgment.

**Summary judgment: its nature and Federal rules**

Summary judgment is a legal term which means that a court has made a determination (a

judgment) without a full trial. Such a judgment may be issued as to the merits of an entire case,

or of specific issues in that case.

In Common Law legal systems, issues of law, that is to say, what the law actually is in a

particular case are decided by the judge, except when jury nullification of the law acts to

contravene or complement the instructions or orders of the judge, or other officers of the court.

A factfinder has to decide what the facts are and apply the law. In traditional Common Law the

factfinder was a jury, but in many jurisdictions the judge now acts as the factfinder as well. It is

the factfinder who decides "what really happened," and it is the judge who applies the law to

the facts as determined by the factfinder, whether directly or by giving instructions to the jury.

Absent an award of summary judgment (or some other type of pretrial dismissal), a lawsuit will

ordinarily proceed to trial, which is an opportunity for each party to present evidence in an

attempt to persuade the factfinder that such party is saying "what really happened," and that,

under the judge's view of applicable law, such party should prevail. For a case to get to trial, the

parties have to take various steps (often known as 'directions'), including disclosing the documents to the opponent by discovery, showing the other side the evidence, often in the form of witness statements and other steps.

Complying with such directions, and going through the trial process is lengthy, can be difficult, and if one employs lawyers, can be costly.

A party moving (applying) for summary judgment is attempting to eliminate its risk of losing at trial, and possibly avoid having to go through the directions by demonstrating to the judge, by sworn statements and documentary evidence, that there are no material issues of fact remaining to be tried. If there's nothing for the jury to decide, then, asks the moving party rhetorically, *why have a trial?* In its motion (request) for summary judgment, the moving party will also attempt to persuade the court that the undisputed material facts require judgment to be entered in favor of the moving party. In many jurisdictions, a party moving for summary judgment takes the risk that, although the judge may agree there are no material issues of fact remaining for trial, the judge may also find that it is the *non-moving* party who is entitled to judgment as a matter of law.

In U.S. legal practice summary judgment can be awarded by the court prior to trial, effectively holding that no trial will be necessary. Issuance of summary judgment can be based only upon the court's finding that:

1.  there are no issues of "material" fact requiring a trial for their resolution, and

2.  in applying the law to the undisputed facts, one party is clearly entitled to judgment.

A party making a motion for summary judgment (or making any other motion) is called a "moving party." A "material fact" is one which, depending upon what the factfinder believes "really happened," could lead to judgment in favor of one party, rather than the other. A simple example of summary judgment is provided below.

A party moving for summary judgment may refer to any evidence that would be admissible if there were to be a trial, such as, depositions, party admissions, documents received during discovery (such as contracts, emails, letters, and certified government documents). Each party may present to the court its view of applicable law by submitting a legal memorandum in support of, or in opposition to, the motion. The court may allow for oral argument of the lawyers, generally where the judge wishes to question the lawyers on issues in the case.

*Summary judgment is awarded if the undisputed facts and the law make it clear that it would be impossible for one party to prevail if the matter were to proceed to trial. The court must consider all materials in the light most favorable to the party opposing the motion for summary judgment. See Adickes v. S.H. Kress & Co., 398 U.S. 144, (1970), and Celotex Corp. v. Catrett, 477 U.S. 317 (1986).*

A motion for summary judgment in United States District Court is governed by Rule 56 of the Federal Rules of Civil Procedure. Other pretrial motions, such as a "motion for judgment on the pleadings" or a "motion to dismiss for failure to state a claim upon which relief may be granted," can be converted by the judge to motions for summary judgment, if matters outside the pleadings are presented to -- and not excluded by -- the trial-court judge.

Under Rule 56, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *see also Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). Moreover, summary judgment is properly granted against a party that "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. Case 1:05-cv-00571-RMC Document 17 Filed 04/19/2006 Page 7 of 12. See also Cray Communications v. Novatel Computer Systems, Inc., 33 F.3d 390, 393 (4th Cir. 1994) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-3 (1986)). Under this standard, summary judgment for the plaintiffs is clearly warranted.

Summary judgment is a decision made on the basis of statements and evidence presented for the record without a trial. It is used when there is no dispute as to the facts of the case, and one party is entitled to judgment as a matter of law.

A material fact is one which might affect the outcome of the case under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To preclude summary judgment, the dispute about a material fact must also be "genuine," such that a reasonable jury could find in favor of the non-moving party. Id.

Conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. See, e.g., Falls Riverway Realty, Inc. v. Niagara Falls, 754 F.2d 49 (2d Cir. 1985); Thornhill Publishing Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979).

In general, inadmissible hearsay evidence may not be considered on a motion for summary judgment. Blair Foods, Inc. v. Ranchers Cotton Oil, 610 F.2d 665, 667 (9th Cir. 1990).

Summary judgment is properly granted when the evidence in support of the moving party

establishes that there is no issue of material fact to be tried. (Code Civ. Proc., section 437c;

Mann v. Cracchiolo (1985) 38 Cal.3d 18, 35.) The court is required to consider all the evidence

set forth in the papers, except where objections are properly sustained, and all inferences

reasonably deducible from such evidence. Any doubts as to the propriety of granting the

motion must be resolved in favor of the party opposing the motion. (Asare v. Hartford Fire Ins.

Co. (1991) 1 Cal.App.4th 856, 862.) If the court determines there is no triable issue of fact, the

court will determine any remaining issues of law. (Pittelman v. Pearce (1992) 6 Cal.App.4th

1436, 1441.)

### Federal Rules of Civil Procedure:  Rule 56. Summary Judgment

(a) For Claimant.

A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a

declaratory judgment may, at any time after the expiration of 20 days from the

commencement of the action or after service of a motion for summary judgment by the

adverse party, move with or without supporting affidavits for a summary judgment in the

party's favor upon all or any part thereof.

(b) For Defending Party.

A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory

judgment is sought may, at any time, move with or without supporting affidavits for a

summary judgment in the party's favor as to all or any part thereof.

(c) Motion and Proceedings Thereon.

The motion shall be served at least 10 days before the time fixed for the hearing. The

adverse party prior to the day of hearing may serve opposing affidavits. The judgment

sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

(d) Case Not Fully Adjudicated on Motion.

If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(e) Form of Affidavits; Further Testimony; Defense Required.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. *When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or*

*as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.*

(f) When Affidavits are Unavailable.

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

(g) Affidavits Made in Bad Faith.

Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS TOTALLY JUSTIFIED AND RATIONAL WITHIN THE FRAMEWORK OF FEDERAL RULE 56, PRECEDENTS, AND LEGAL INTERPRETATIONS OF THE SUMMARY JUDGMENT

In my December 1, 2006 .....Motion for Summary Judgment, instead of using the standard legal terminology, I have used my own, partly because I am not an attorney and am not familiar with the standard legal terminology. However, the meanings of my terminology are the same as those of the standard legal terminology, in this connection. For example,

on pages 8 to 14 of that document, I listed and analyzed *"The four main issues-the substance-of the Complaint."* In that connection, on pages 13 and 14, I wrote, *"I believe that this case is already cut and dry. There is nothing the Defendant or its representatives can do to change or hide the various gigantic and apodictic facts, evidence, and arguments, and the violations of the above-cited sections of the Constitution and Title VII Act, by the Defendant, documented in the Complaint File. The lies, hypocrisy, deceptions, incompetence, irrationality, dishonesty, and illegality of the Defendant in this case can only be "defended" by more of these.*

*In particular, the above four issues and their contents are apodictic, i-e., beyond contradiction and irrefutable. It is impossible for the Defendant to contradict or refute these or defend its indefensible actions, connected with these. To prevent further waste of time and resources of the Court, the Plaintiff, and the Defendant itself, it is hereby respectfully requested that the Honorable Judge issue a Summary Judgment in this Complaint in favor of the Plaintiff and grant him all the relief requested in the Complaint."*

The essential nature and meanings of the above statement are the same as those of the standard legal terminology, i-e., *"Statement of Undisputed Facts."* These four issues constitute and contain undisputed and undisputable facts. There is nothing the Defendant can do, through discovery or in any other way, to be able to contradict these. As stated above, these are apodictic, i-e., beyond contradiction and irrefutable. Moreover, summary judgment is properly granted when the evidence in support of the moving party establishes that there is no issue of material fact to be tried. With respect to the above four issues, there is no issue of material fact to be tried. All the evidence and its analysis in the Complaint and some other documents, especially the submission of December 1, 2006, in opposition to the Defendant's Motion, prove that beyond any doubt.

Part of the Federal Rule 56 (e) above states, *"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."*

In its response to the Plaintiff's Motion for Summary Judgment, the Defendant has completely failed to satisfy the requirements of Federal Rule 56 (e), as cited above. It did not set forth any specific facts showing that there is a genuine issue for trial, in regard to the above-mentioned four undisputed facts (issues). Instead, it has engaged in mere general allegations, denials, and non-specific and generalized assaults on the Motion for Summary Judgment. Therefore, it is respectfully requested that, in accordance with the Federal Rule 56 (e), a summary judgment be entered in favor of the Plaintiff and against the Defendant.

It is also important to consider the general context and environment of civil rights and equal opportunity in the USDA. With the Complaint, the Plaintiff submitted many documents that demonstrate the existence of a highly institutionalized system and structure of racism, discrimination, and violations of civil rights and equal opportunity laws, as well as minorities' elementary rights, in the agency. These documents include USDA's own internal reports, EEOC report, USDA Coalition of Minority Employees report and letters, letters of some US Congressmen, newspaper articles etc. The key point is that these problems at the agency are well documented and highly publicized and that these have caused immeasurable damages to countless minority victims, including the Plaintiff. It would be totally unrealistic to expect the BNAs to pay any attention to that. However, the Honorable Judge is respectfully requested to review that context also, as part of the judicial

review process. Such contexts have determining and powerful effects on the production and maintenance of such problems as well as on the mass psychology, attitudes, and behavior of various officials, including those handling the cases, filed by victims, as a result of these problems.

## Conclusion

In view of the above factual, logical, and legal analysis, the Plaintiff respectfully submits that the Court should:

1. Dismiss the Defendant's Motion for the dismissal or a more definite statement of the Complaint, as requested in the Plaintiff's opposition of December 1, 2006, to that Motion.

2. Enter a Summary Judgment in favor of the Plaintiff and against the Defendant, granting the Plaintiff and the Asian/Pacific American Class all the relief requested in the Complaint, as requested in Plaintiff's above-cited document of December 1, 2006.

Respectfully submitted **this 29th day of December, 2006**

*Fazal Rahman*

Fazal Rahman, Ph.D., Plaintiff
P. O. Box 1422
Glendale, AZ 85311
Email: Unpollutedfaz@aol.com
Telephone: (623)847-5853

**Certificate of Service**

I hereby certify that copies of *"RESPONSE TO DEFENDANT'S REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT AND DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT. SUPPLEMENT TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT."*, have been sent on December 29, 2006, by Priority Mail, with Delivery Confirmation Request, to the following:

1.  Clerk's Office
    US District Court for the District of Columbia
    US Courthouse
    333 Constitution Avenue, NW
    Washington, DC 20001

2.  Oliver W. McDaniel, Assistant US Attorney
    Civil Division, US Attorney's Office
    555 Fourth St., NW
    Washington, DC 20530

*Fazal Rahman*

Fazal Rahman, Ph.D., Plaintiff