UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAZAL RAHMAN ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| Vs. ) | |
| ) Civil Case No. **1:06-cv-1283 (JDB)** | |
| MIKE JOHANNS ) | |
| SECRETARY, U.S. DEPARTMENT ) | |
| OF AGRICULTURE ) | |
| ) | |
| Defendant ) | |

## MOTION FOR RECUSAL AND/OR DISQUALIFICATION OF HONORABLE JUDGE JOHN D. BATES

NOW COMES the Plaintiff Fazal Rahman, pro se, to respectfully move the Court to recuse itself in the present action.

Date: January 5, 2007

Respectfully submitted,

*[signature: Fazal Rahman]*

Fazal Rahman, Ph.D.
P. O. Box 1422
Glendale, AZ 85311
Tel: (623)847-5853

**RECEIVED**

JAN 8  2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## CERTIFICATE OF GOOD FAITH

I HEREBY CERTIFY that this **MOTION FOR RECUSAL AND/OR DISQUALIFICATION OF JUDGE JOHN D. BATES** is made in good faith, and in the honest belief that Judge Bates should be disqualified from this action under 28 U.S.C. §§ 144, 455(a).

Date: January 5, 2007

_____
Fazal Rahman

# CERTIFICATE OF FACTS IN PLAINTIFF'S KNOWLEDGE

I HEREBY CERTIFY that the events related in the **STATEMENT OF FACTS** in Plaintiff's **MOTION FOR RECUSAL AND/OR DISQUALIFICATION OF JUDGE JOHN D. BATES** are in the personal knowledge of the pro se Plaintiff.

Date: January 5, 2007

_____

Fazal Rahman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FAZAL RAHMAN            )
                        )
           Plaintiff    )
                        )
                        )
                        )
                        )
                        )
Vs.                     )
                        )
                        ) Civil Case No. **1:06-cv-1283 (JDB)**
                        )
MIKE JOHANNS            )
SECRETARY, U.S. DEPARTMENT )
OF AGRICULTURE          )
                        )
           Defendant    )
                        )
                        )

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECUSE AND/OR DISQUALIFY

### INTRODUCTION

Section 455(a) of Title 28 of the United States Code requires a federal judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." Judge Bates should disqualify himself from the present case because of his long career, from 1980 to 1997, in key positions, at the US Attorney's Office in Washington, D.C., which is representing the Defendant in this Complaint.

### STATEMENT OF FACTS

The case has been filed against the classist-racist-elitist, corrupt, unfair, unreasonable, and inadequate settlement agreement of the Asian/Pacific American (APA) Class Action Case of

Basu et. al. against the US Department of Agriculture (USDA). The main issues of the case have been described and analyzed in detail in the Complaint as well as in various other associated documents and motions. These include the following:

1. The unconstitutional and illegal change of the definition of the APA Class by the Defendant from its original EEOC definition, and unconstitutional and illegal exclusion and expulsion of an important structural part of that Class from the Class.

2. Classist, racist, elitist, corrupt, unfair, unreasonable, and discriminatory distribution of monetary, professional, and other relief, which overwhelmingly benefited six Class Agents, at the expense of thousands of Class Members.

3. Racist-discriminatory subjection of the Plaintiff to lies, deceptions, distortions, perversions, and coercions by the Defendant. Now, the US attorneys, representing the Defendant, are doing the same.

4. Grotesquely unfair, unreasonable, inadequate, coercive, and racist-discriminatory offer of payment of $5,000 to the Plaintiff for settlement of his individual employment discrimination case, as part of the APA Class Action Settlement Agreement. Just the back pay involved in that case now amounts to more than $600,000!

In addition to the above issues, which are of great importance to the APA Class and the Plaintiff, its underlying issues are of even greater importance. The latter are important to all the races and classes in this country as these involve the violations of the Constitution and civil rights laws; the objective composition and structure of classes in the class action cases in general and their unconstitutional and illegal mutilation, manipulation, and exploitation by the officials of a federal government agency; self-evident lies, deceptions, hypocrisies, coercions etc. by the officials of that same government agency; and explicit and implicit collaboration of the US attorneys, as Officers of the Court, with these. These underlying issues are huge indeed.

Yesterday, the Plaintiff received some information about the background of Honorable Judge John D. Bates, which indicates that he served as an Assistant United States Attorney for the District of Columbia from 1980 to 1997, and was Chief of the Civil Division of the U.S. Attorney's Office from 1987 to 1997. This is the same office that is representing the Defendant in this case. Judge Bates was in key positions in that office for seventeen years. As a result of that information, the Plaintiff has, naturally, become extremely concerned about the impartiality and neutrality of Judge Bates in this case. During his long career at that office, in key positions, he must have developed close professional and personal affinity and relationships with that office and its various attorneys and other employees. With that kind of background, under such circumstances, it would be very difficult, if not impossible, for anyone to maintain impartiality, neutrality, and aloofness, essential for doing objective justice in this case or other such cases. Only very rare type of humans may be capable of that. Judge Bates may be one of those. However, the Plaintiff does not know that. It is extremely difficult to know such qualities of the inner psychology of individuals, both by the individuals themselves as well as by others.

The Defendant's representatives at the US Attorney's Office in Washington, D.C. have been engaging in extremist types of denials of facts, evidence, and reality, as well as in their mutilation, distortion, and perversion, in their motions. This may be due to their knowledge and confidence in Judge Bates as being or having been one of them, who would ignore or even go along with these. A judge is an officer of the court, as well as are all attorneys. A state judge is a state judicial officer, paid by the State to act impartially and lawfully. A federal judge is a federal judicial officer, paid by the federal government to act impartially and lawfully. State and federal attorneys fall into the same general category and must meet the same requirements. *A judge is not the court.* People v. Zajic, 88 Ill.App.3d 477, 410 N.E.2d 626 (1980).

Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court". In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated, "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."  "Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23. The 7th Circuit further stated, "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final."  As documented in my motions and responses to the Defendant's motions, the US attorneys, as the Officers of the Court and as the Defendant's representatives, have already committed various frauds on the Court, in the forms of denials of apodictic facts and reality; omission, distortions, and perversions of facts and reality; and not only ignoring and omitting any mention of the specific and concrete violations of the Constitution and Title VII Civil Rights Act by the Defendant, repeatedly identified and analyzed in the Complaint and various other documents, but abusing, misinterpreting, and misapplying some federal rules, in order to make these violations prevail, without even being allowed to be addressed and adjudicated by the Court. By these tactics, they are indubitably supporting those violations of the Constitution and Title VII Civil Rights Act. Before them, the Defendant's attorneys at its Office of the General Counsel, also employees of the federal government, had engaged in similar and even much worse fraudulent

practices and actions. Such frauds by the government attorneys, as government employees and Officers of the Court, subvert the very basis of democracy in a democratic society.

For the above reasons, it may be in the best interests of justice and public confidence in the integrity of the legal system, if Judge Bates recuses and disqualifies himself from this case.

## ARGUMENT

Judicial Code, 28 U.S.C. §455(a) requires a federal judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." The standard for disqualification under this statute is an objective standard, *Liteky v. United States*, 510 U.S. 540, 548 (1994), and the purpose of the statute is "to promote public confidence in the integrity of the judicial process." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988). No actual bias need be demonstrated by the moving party, for §455(a) "focuses on the appearance of impartiality, as opposed to the existence in fact of any bias or prejudice, [and] a judge faced with a potential ground for disqualification ought to consider how his participation in a given case looks to the average person on the street." *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980). In stark terms "what matters is not the reality of bias or prejudice but its appearance." *Liteky* at 458. The apparent integrity of the judicial process and maintenance of the perception that courts are impartial venues are the chief goals of the statute, and judges must disqualify themselves even when "false and erroneous . . . allegations" are the bases of a motion for recusal if the court's impartiality may reasonably questioned because of such allegations. *Church of Scientology v Cooper* 495 F Supp 455, 461 (C.D. Cal. 1980). Section 455 was intended to overrule the "duty to sit" concept, and once a movant demonstrates facts that

reasonably call into question a judge's impartiality the judge must disqualify himself. *Smith v. Pepsico, Inc.*, 434 F Supp 524 (S.D. Fla. 1977); *United States v. Corr*, 434 F. Supp. 408 (S.D.N.Y. 1977).

Perception of fairness in the courts is a requirement in a democracy, and it is crucial to "'generat[e] the feeling, so important to a popular government, that justice has been done', by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him." *Marshall v. Jerrico*, 446 U.S. 238, 242 (1980) quoting *Joint Anti-Fascist Committee v. McGrath*, 341 U.S. 123, 172 (1951) (Frankfurter, J., concurring).

Whether or not these perceptions are correct is irrelevant. Section 455(a) requires disqualification whenever a judge's "impartiality might reasonably be questioned," and the rule does not require a factual showing of lack of impartiality. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988).

Neither does §455(a) require a judge to have knowledge of facts creating a perception of a lack of impartiality. The operation of the statute "does not depend upon whether or not the judge actually knew of facts creating an appearance of impropriety, so long as the public might reasonably believe that he or she knew." *Id.* at 860. Once the judge is made aware of the perception, he is under a duty to disqualify himself. *Id.*

"Fraud upon the court" makes void the orders and judgments of that court. It is also clear and well-settled Illinois law that any attempt to commit "fraud upon the court" vitiates the entire proceeding. The People of the State of Illinois v. Fred E. Sterling, 357 Ill. 354; 192 N.E. 229 (1934) ("The maxim that fraud vitiates every transaction into which it enters applies to judgments as well as to contracts and other transactions."); Allen F. Moore v. Stanley F. Sievers, 336 Ill. 316; 168 N.E. 259 (1929) ("The maxim that fraud vitiates every transaction into which it enters ..."); In re Village of Willowbrook, 37 Ill.App.2d 393 (1962) ("It is

axiomatic that fraud vitiates everything."); Dunham v. Dunham, 57 Ill.App. 475 (1894), affirmed 162 Ill. 589 (1896); Skelly Oil Co. v. Universal Oil Products Co., 338 Ill.App. 79, 86 N.E.2d 875, 883-4 (1949); Thomas Stasel v. The American Home Security Corporation, 362 Ill. 350; 199 N.E. 798 (1935).

Under Illinois and Federal law, when any officer of the court has committed "fraud upon the court", the orders and judgment of that court are void, of no legal force or effect.

## CONCLUSION

In light of the above facts and their analysis, as well as the applicable precedents, the Plaintiff respectfully requests the Court to determine whether disqualification is, or is not, appropriate.

Respectfully submitted **this 5th day of January, 2007**

*Fazal Rahman* (signature)

Fazal Rahman, Ph.D., Plaintiff
P. O. Box 1422
Glendale, AZ 85311
Email: Unpollutedfaz@aol.com
Telephone: (623)847-5853

## Certificate of Service

I hereby certify that copies of "MOTION FOR RECUSAL AND/OR DISQUALIFICATION OF HONORABLE JUDGE JOHN D. BATES" and "MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECUSE AND/OR DISQUALIFY", have been sent on January 5, 2007, by First Class Mail, to the following:

1. Clerk's Office
   US District Court for the District of Columbia
   US Courthouse
   333 Constitution Avenue, NW
   Washington, DC 20001

2. Oliver W. McDaniel, Assistant US Attorney
   Civil Division, US Attorney's Office
   555 Fourth St., NW
   Washington, DC 20530

*Fazal Rahman*

Fazal Rahman, Ph.D., Plaintiff