**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **FAZAL RAHMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-01283 (JDB)** |
| | ) | |
| **CHUCK CONNOR, ACTING** | ) | |
| **SECRETARY,** | ) | |
| **Department of Agriculture** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MOTION TO DISMISS CLAIM CONCERNING CLASS-ACTION SETTLEMENT**

The Defendant, through counsel, the United States Attorney for the District of Columbia,

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully files this motion to

dismiss Plaintiff's claim concerning the Basu class action settlement.  In support of this motion,

Defendant respectfully refers the Court to the following memorandum of points and authorities and

proposed order.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FAZAL RAHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-01283 (JDB) |
| | ) | |
| CHUCK CONNOR, ACTING | ) | |
| SECRETARY, | ) | |
| Department of Agriculture | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION TO DISMISS
CLAIM CONCERNING CLASS-ACTION SETTLEMENT**

The Defendant, through counsel, the United States Attorney for the District of Columbia, respectfully submits this memorandum of points and authorities in support of his motion to dismiss Plaintiff's claim concerning the Basu class action settlement.  Defendant incorporates by reference its Motion to Dismiss or For a More Definite Statement, previously filed, as if fully set forth herein. Given that Plaintiff does not meet the class definition of the Basu class action settlement and has rejected any relief otherwise made available to him by the Department under that agreement, he clearly lacks standing to challenge any component of the agreement in this Court.

**ARGUMENT**

I.    **Plaintiff Lacks Standing to Challenge the Basu Class Action Settlement in this Court**

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases and controversies." Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 37 (1976) (citing Flast v. Cohen, 392 U.S. 83, 95 (1968)); see U.S. Const. Art. III, § 2 (authorizing federal courts to review "cases" or

"controversies"); Allen v. Wright, 468 U.S. 737, 750 (1984) (discussing case or controversy requirement); National Black Police Ass'n v. District of Columbia, 108 F.3d 346, 349 (D.C. Cir. 1997) (same). This requirement prevents the issuance of advisory opinions, as it demands the existence of an actual dispute between adverse parties with a stake in the outcome. See Richardson v. Ramirez, 418 U.S. 24, 36 (1974). The doctrines of standing, mootness, and ripeness all implement Article III's case-or-controversy requirement. See Spirit of Sage Council v. Norton, 411 F.3d 225, 230 (D.C. Cir. 2005).

Standing is a critical component of the case-or-controversy requirement, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992), and "is assessed at the time the action commences." Advanced Management Tech. v. FAA, 211 F.3d 633, 635-36 (D.C. Cir. 2000). Plaintiff bears the burden of demonstrating that he had standing at the time the complaint was filed. See id. at 561. To carry that burden, Plaintiff must show that three elements are present:

> First, the plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of — the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan, 504 U.S. at 560-61 (internal quotation marks and citations omitted). Plaintiffs seeking injunctive or declaratory relief cannot rely on past injuries to satisfy the injury-in-fact requirement, but must show a likelihood of being injured in the future. See City of Los Angeles v. Lyons, 461 U.S. 95, 105-06 (1983); Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 108 (1998) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief.").

The mootness doctrine ensures that the case-or-controversy requirement is met "through all stages of federal judicial proceedings." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); see Columbian Rope Company v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (explaining that controversy must exist at the outset of the litigation and continue throughout the suit). Whereas standing measures the existence of a controversy at the outset of a case, mootness applies when post-complaint changes in the facts or law affect the continued existence of a particular controversy. See Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997); City of Orrville v. FERC, 147 F.3d 979, 985 n.5 (D.C. Cir. 2004). As this Circuit has explained:

> [E]ven where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal Court to refrain from deciding it if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."

Columbian Rope, 142 F.3d at 1316 (quoting Clarke v. United States, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc)). Once a case becomes moot, the court loses jurisdiction. See City of Houston v. Department of Housing and Urban Dev., 24 F.3d 1421, 1426 (D.C. Cir. 1994).

A.   **Because Plaintiff Is Not a Class Member Under the <u>Basu</u> Class Action Settlement Agreement, He Lacks Standing to Challenge the Administrative Settlement in Court**

As noted previously, on October 31, 2003, a settlement agreement was executed in the administrative case of Basu, et al. v. USDA Class Action, EEOC #100-A1-7863X, Agency No. 000190 (Settlement Agreement) (Defendant's Motion to Dismiss or Transfer ("DMTDT") Exhibit A; Compl. Exh. 3). The class of persons to which the Settlement Agreement pertained was comprised of "[a]ll current Asian/Pacific Islander employees at the GS-7 level and above who were eligible for but have not received promotions and all Asian/Pacific Islander current employees who

were eligible for and have applied for positions with the Department but have not been selected."
(DMTDT Exh. A p.3; Compl. Exh. 3 p.2.).

The Settlement Agreement was subject to Equal Employment Opportunity Commission
(EEOC) approval (DMTDT, Exh. A, pp. 17-19; Compl. Exh. 3 p.5).  By joint motion dated
November 14, 2003, and filed with the EEOC Administrative Judge assigned to the <u>Basu</u> class
action, the parties to the Settlement Agreement sought its approval.  By decision dated January 27,
2004, the EEOC AJ granted preliminary approval of the Settlement Agreement. (Compl. Exh. 11and
Exh. 1 p.2.)

Following preliminary approval of the Settlement Agreement, USDA sent a cover letter,
Notice of Proposed Settlement, and the Settlement Agreement by regular mail to all current
permanent Asian/Pacific Islander employees who had administrative complaints that were subsumed
by the Class Action, as well as to all identified Asian/Pacific Islander employees who fell under the
Class definition, but who did not have pending individual administrative complaints of
discrimination.  The Notice was also posted on the USDA web site and in appropriate USDA
bulletins.  The Notice provided that Class Members would have 30 days in which to file objections,
if any, with the Administrative Judge.  The cover letter, dated February17, 2004, sent to Plaintiff
Rahman along with the Notice and Settlement Agreement, notified him (among others similarly
situated) that his individual complaint of discrimination fell under Tier Three of the Settlement
Agreement, which proposed that he could elect to receive a lump sum payment of $5,000 or
participate in an expedited hearing on his individual complaint (in addition to being afforded the
injunctive relief described above). (DMTDT Exhs. A and C; Compl. Exh. 3 and Exh. 4 p.1).

Plaintiff, however, filed an objection to the Settlement Agreement with the Administrative Judge (Compl. Exh. 6).

On December 7, 2004, the EEOC AJ issued a decision granting final approval of the Settlement Agreement (Compl. Exh. 1). Rahman filed an appeal of that decision, dated January 4, 2005 (Compl. Exh. 4), to which the parties to the Settlement Agreement filed a joint opposition dated March 11, 2005 (Compl. Exh. 8). By decision dated May 3, 2005, the EEOC affirmed the AJ's finding that the Settlement Agreement was fair, adequate and reasonable to the Class as a whole. **The EEOC also determined that Plaintiff was not a Class Member entitled to relief under the Settlement Agreement.** (Compl. Exh. 7.) Rahman filed a request for reconsideration (Compl. Exh. 5), to which the parties to the Settlement Agreement filed a response (Compl. Exh. 9). By decision dated June 28, 2005, the EEOC denied Rahman's request and advised that its decision was final and that he had no further right of administrative appeal. The EEOC further advised Rahman that he had the "right to file a civil action in an appropriate United States District Court" within 90 calendar days from the date he had received the decision. (Compl. Exh. 2.)

Despite the EEOC determination that Rahman was not a class member entitled to relief, the USDA nonetheless offered, and continues to offer, Plaintiff relief because it previously had identified him as a class member. However, Plaintiff has to date rejected this offer, and USDA is still holding his administrative complaint in abeyance. (Declaration of James H. Bradley (Bradley Dec.) ¶¶ 12-14, attached; DMTDT Exh. B ¶ 13; Compl. Exhs. 13-17, 25.)

Because Plaintiff is not a class member under the Basu administrative class action settlement and has steadfastly rejected any consolation offers of relief under the settlement agreement, Plaintiff cannot establish that he has suffered, or stands to suffer, an injury in fact. No causal connection

exists between the settlement and any injury that might befall Plaintiff.  Plaintiff cannot sue based

upon the speculative position that he might engage in beneficial conduct or might achieve an

advantage if the settlement were structured differently. See Bristol-Myers Squibb Co. v. Shalala, 91

F.3d 1493, 1497-99 (D.C. Cir. 1996); National Ass'n of Home Builders v. Norton, 298 F.Supp.2d

68, 80 (D.D.C. 2003), *aff'd*, 415 F.3d 8 (D.C. Cir. 2005) .[1]

---

[1]  It appears that Plaintiff filed his claim challenging the Basu class-action settlement after the passage of 90 days following notice to the Plaintiff of the final decision of the EEOC rejecting his challenge.  To the extent that Plaintiff received notice more than 90 days before he filed suit, his claim is subject to dismissal on this ground as well. See Wiley v. Johnson, 436 F.Supp.2d 91, 94 (D.D.C. 2006).

## CONCLUSION

WHEREFORE, the Defendant respectfully submits that the Court should grant this motion

to dismiss Plaintiff's claim concerning the Basu class action settlement.


Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

Counsel for the Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of October, 2007, I caused the foregoing Motion to

Dismiss Claim Concerning Class-action Settlement and proposed Order, to be served on Plaintiff,

*Pro se*, by electronic mail and by U.S. mail, postage prepaid, addressed as follows:

Fazal Rahman, Ph.D.
17 The Mall, Kohat Cantt:
Kohat, NWFP
Pakistan
Email: Unpollutedfaz@aol.com or UnpollutedFR@yahoo.com

/s/
_____
OLIVER W. McDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 616-0739
