**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**FAZAL RAHMAN, Ph.D.,**

    **Plaintiff,**

        **v.**                                    **Civil Action No. 06-1283 (JDB)**

**CHUCK CONNERS, ACTING**
    **SECRETARY, U.S. DEPARTMENT**
    **OF AGRICULTURE,**

    **Defendant.**

---

## DECLARATION OF JAMES H. BRADLEY

I, James H. Bradley, based on information obtained by me as an employee of the United States Department of Agriculture (USDA) in Washington, D.C., do hereby declare:

1. I have been an employee of the USDA for thirty-two (32) years and since June 1, 2002, have been employed by USDA as Deputy Administrator, Administrative and Financial Management, Agricultural Research Service (ARS).

2. The Settlement Agreement in the Basu, et al. v. USDA Class Action, EEOC No. 100-A1-7863X, Agency No. 000190, entered into October 31, 2003 (Basu Settlement Agreement), was negotiated and executed in Washington, D.C.

3. I served as the Agency's Chief Negotiator with regard to settlement of this Class Action, and am a signatory on the Basu Settlement Agreement.

4. USDA committed in the <u>Basu</u> Settlement Agreement to provide several forms of injunctive relief, which were to be in effect for a period of three years. Specifically, USDA agreed to the following: (1) to create a Development Opportunity Placement Program (DOPP) to provide opportunities for all eligible and qualified employees to serve on details, receive temporary promotions, or participate in developmental assignments where there may be staffing shortages in headquarters and field office locations; (2) to create a Graduate Scholarship Program to provide funding for graduate school, and to hold an Agency-wide Job Fair at four regional locations for employment in job categories where the Agency's Asian/Pacific Islander population is statistically under-represented; (3) to review, update, and issue an Agency-wide Affirmative Employment Plan (AEP) to ensure that all appropriate issues related to Class Members are addressed, and to assure that Departmental sub-agencies have current and comprehensive AEPs, as well; (4) to provide updated individual development plans at the request of Class Members; and (5) to undertake employment compliance reviews for sub-agencies showing statistical under-representation of Asian/Pacific Islander employees. These terms are set out specifically in the <u>Basu</u> Settlement Agreement.

5. For purposes of individual relief, the Class was divided into four tiers. Tier One was comprised of six Class Agents whose claims would be separately resolved by the Agency. Tier Two was comprised of the remaining 22 Class Agents, who would share in a lump sum payment of $372,500.00, to be distributed at their discretion, along with two former Class Agents who were not included in the Agreement because they previously

signed settlement agreements resolving their individual complaints of discrimination. The Basu Settlement Agreement provides that each of five Tier Two Class Members with pending administrative complaints would receive attorney's fees not to exceed $25,000.00, and that two Tier Two Class Agents with Federal District Court complaints would receive all attorney's fees. Tier Three was comprised of individuals with pending administrative complaints subsumed by the Class Action, and two individuals with complaints pending in Federal District Court. The Basu Agreement provided that individuals in Tier Three with pending administrative complaints subsumed by the Class Action would be afforded the option of either accepting a lump sum of $5,000.00, or participating in an expedited hearing on their individual complaints, along with an entitlement to injunctive relief. Two identified Tier Three individuals with pending Federal District Court complaints would receive a lump sum payment of $7,500.00, and attorney's fees. Tier Four was comprised of current USDA self-identified Asian/Pacific Islander employees who did not have a pending individual complaint of employment discrimination subsumed by the Basu Class Action. Individuals falling within Tier Four were entitled to certain specified injunctive relief. This relief is specifically outlined in the Basu Settlement Agreement.

6. On November 17, 2003, the parties to the Basu Class Action submitted the proposed Basu Settlement Agreement and a Joint Motion for Approval of Settlement Agreement to the Administrative Judge (AJ) of the U.S. Equal Employment Opportunity Commission (EEOC) assigned to the case.

7. On January 21, 2004, the AJ granted preliminary approval of this proposed Settlement Agreement (*see* attached Order).

8. On February 17, 2004, USDA's Office of the General Counsel (OGC) sent Plaintiff a letter notifying him of the proposed Basu Settlement Agreement, and identifying him as falling within Tier Three of relief.

9. Plaintiff filed an objection with the AJ to the terms of the Basu Settlement Agreement.

10. On December 7, 2004, the AJ issued a decision granting final approval of the Basu Settlement Agreement. In his decision, the AJ specifically addressed concerns about the fairness of the Agreement, including Plaintiff's specific concerns.

11. After the EEOC approved the Settlement Agreement, finding it fair, adequate, and reasonable to the class as a whole, and the full Commission affirmed the fairness of the Settlement Agreement after four administrative appeals, including Plaintiff's, the Agency offered relief to Plaintiff for resolution of Administrative Complaint No. 010538. The Agency sent a letter dated June 2, 2005, to Plaintiff outlining the payment of $5,000.00 for withdrawal of the complaint, or an expedited hearing of the administrative complaint. On August 24, 2005, the Agency sent Plaintiff another letter, after the full Commission denied Plaintiff's Request for Reconsideration of his appeal of the EEOC's finding of fairness of the Basu Settlement Agreement, continuing to make the $5,000.00 relief, or expedited hearing, available to Plaintiff (*see* attached June 2, 2005 letter and August 24, 2005).

12. In his individual complaint of discrimination that was filed May 1, 2001, and for which relief was offered by the Agency under the <u>Basu</u> Settlement Agreement, Plaintiff, an applicant for employment at USDA, alleged that the USDA Agricultural Research Service (ARS) discriminated against him based on his race (Asian), national origin (Pakistan), age (59), and in reprisal for prior EEO activity when he was not selected for the positions of Associate Deputy Administrator, Beltsville, Maryland, under Announcement #ARS-SES:00-12, and Agricultural Administrator, Albany, California, under Announcement #ARS-X1W-1040 (*see* attached Complaint Of Employment Discrimination and July 12, 2001 letter to Rahman of Chief, Employment Complaints Division, USDA Office of Civil Rights).

13. Plaintiff repeatedly rejected such relief under the <u>Basu</u> Settlement Agreement, by filings before the Commission and in correspondence to the Agency (*see* attached September 1, 2005 e-mail message from Plaintiff to USDA counsel).

14. Although the U.S. Equal Employment Opportunity Commission determined that Plaintiff was not a member of the administrative class, the Agency made monetary and injunctive relief under the class settlement available to Plaintiff, but at Plaintiff's request has not provided such relief. Additionally, USDA's Office of Adjudication and Compliance (formerly Office of Civil Rights) has not yet closed Administrative Complaint No. 010538.

15.  All of the foregoing is based on my personal knowledge and I declare, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that it is true and correct to the best of my information and belief.

**EXECUTED** this ⁴⁄ day of October, 2007.

_James H. Bradley_
JAMES H. BRADLEY
Deputy Administrator
Agricultural Research Service
U.S. Department of Agriculture
1400 Independence Ave., SW
Washington, D.C.  20250-1400
202-690-2575



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington Field Office**

1400 L Street, N.W., Suite 200
Washington, D.C. 20005
(202) 275-7377
TTY (202) 275-7518
FAX (202) 275-6834 & 0025

| | | |
|---|---|---|
| Arun C. Basu, *et al.*, | ) | |
| Complainants, | ) | EEOC No. 100-A1-7863X |
| | ) | |
| v. | ) | |
| | ) | |
| Ann M. Veneman, | ) | Agency No. 000190 |
| Secretary, | ) | |
| Department of Agriculture, | ) | |
| Agency. | ) | Date: **January 21, 2004** |

### ORDER

On November 17, 2003, the parties submitted a Joint Motion For Approval of Settlement Agreement, along with a copy of the proposed settlement agreement. The parties also included a proposed notice of resolution. Pursuant to 29 C.F.R. § 1614.204(g)(4) (2003), the Agency shall, consistent with the manner proposed in the motion,[1] notify all class members of the resolution of the above-captioned within ten (10) days of the date of this Order (mailings should be postmarked within that time frame). I find that Provisions 1 through 5 of the proposed Notice are appropriate. With regard to Provision 6, the parties are advised that the regulations governing class actions in the Federal sector EEO process do not require a Fairness Hearing. Rather, the regulations provide that the administrative judge will review the notice of resolution, any petitions to vacate which are filed, and then determine whether the resolution is "fair, adequate and reasonable to the class as a whole." 29 C.F.R. § 1614.204(g)(4). In the event the undersigned determines that there are legitimate questions concerning the fairness, adequacy, and reasonableness of the resolution, he will, with appropriate notice, schedule a Fairness Hearing to address those questions. If the undersigned, after reviewing any petitions that are filed, determines that the resolution is fair, adequate, and reasonable

---

[1] Specifically, the motion proposes that certain identified class members will be provided notice by regular mail, and that the notice will also be posted on the Agency's web site and in appropriate Agency bulletins. Motion at 13.

to the class as a whole, he will issue a decision to that effect which will thereby make the resolution binding on all class members.

Accordingly, it is hereby ORDERED that Provision 6 be modified to state the following:

Within 30 days of the date of the notice of resolution, any member of the class may petition the undersigned Administrative Judge to vacate the proposed resolution because it benefits only the class agents, or is otherwise not fair, adequate and reasonable to the class as a whole. Petitions are to be filed with Administrative Judge Andrew Culbertson at 1400 L Street, N.W., Suite 200, Washington, D.C. 20005. In the event the Administrative Judge determines that there are legitimate questions raised concerning the fairness, adequacy, or reasonableness of the resolution, a Fairness Hearing will be scheduled to address those questions. If the Administrative Judge, after reviewing any petitions that are filed, determines that the resolution is fair, adequate, and reasonable to the class as a whole, he will issue a decision to that effect which will thereby make the resolution binding on all class members.

Finally, the parties are advised that a copy of the notice of resolution should be sent to the undersigned at the time of its issuance.

It is so ORDERED.

Andrew Culbertson
Administrative Judge

Copies to:

James P. Hood, P.C.
By facsimile at (202) 371-2535

Steven C. Brammer, Esq.
By facsimile at (202) 720-4089

2

 **United States**     **Office of the**     **Washington,**
**Department of**     **General**     **D.C.**
**Agriculture**     **Counsel**     **20250-1400**

August 24, 2005

Fazal Rahman
P.O. Box 1422
Glendale, AZ 85311

        Re:    <u>**Arun Basu v. USDA**</u> **Proposed Class Action Settlement**
                **EEOC No. 01A10660, Agency No. 000190**

Dear Dr. Rahman:

Please see the enclosed letter sent to you on June 2, 2005. The letter explains that the Agency has identified the following complaints as eligible for resolution under the <u>Basu</u> class action Settlement:

      010538

The letter informed you that your complaints of discrimination is resolved by the EEOC Administrative Judge's approval of the Settlement Agreement. You may not proceed further before the EEOC or a court on your claims of employment discrimination subsumed by the <u>Basu</u> class action. You were informed that you have the choice of monetary relief or an expedited hearing of these claims before a neutral fact-finder. The letter requested that you indicate whether you chose an expedited hearing or monetary relief by June 13, 2005, by signing the appropriate withdrawal form and having it sent by <u>June 13, 2005,</u> by a method demonstrating delivery (*e.g.*, via facsimile, FedEx, or return-receipt requested U.S. mail), to USDA's Office of the General Counsel and to Class Counsel James Hood at the addresses below:

      Steven C. Brammer                  James P. Hood, Esq.
      U.S. Department of Agriculture          Class Counsel
      Office of the General Counsel            1226 Eleventh St., NW
      Civil Rights Litigation Division         Washington, DC 20001
      Room 3312-S                          (202) 289-1130
      1400 Independence Ave., SW          (202) 371-2535 (facsimile)
      Washington, DC 20250-1400
      (202) 720-4375
      (202) 720-4089 (facsimile)

We recognize that you filed an appeal to the EEOC's Office of Federal Operations (OFO) regarding the Administrative Judge's approval of this Settlement Agreement. OFO denied your appeal, and your subsequent Request for Reconsideration, and found that the Administrative Judge properly determined that the Agreement is fair to the Class as a whole.

*August 24, 2005*
*Page 2*

To date, neither Mr. Hood nor the Agency has received a withdrawal form from you. If we do not receive such form on or before September 2, 2005, the Agency will forward monetary relief to you and consider all obligations regarding complaints subsumed by the <u>Basu</u> class action complete.

If you need clarification of any of the terms of this letter, please contact Class Counsel James P. Hood.

Very truly yours,

Steven C. Brammer
Associate General Counsel
Civil Rights Division

 **USDA**   United States       Office of the       Washington,
                       Department of       General            D.C.
                       Agriculture         Counsel            20250-1400

June 2, 2005

Fazal Rahman
P.O. Box 1422
Glendale, AZ 85311

Re:   **Arun Basu v. USDA** **Proposed Class Action Settlement**
      **EEOC No. 01A10660, Agency No. 000190**

Dear Dr. Rahman:

In February of 2004, you were notified of the proposed Settlement Agreement signed by the
United States Department of Agriculture ("USDA") and the Class Agent Arun Basu. The
Administrative Judge of the U.S. Equal Employment Opportunity Commission ("EEOC") has
approved the Settlement Agreement, finding it fair, adequate, and reasonable to the class as a
whole. Further, the full Commission recently ruled on four purported appeals of the
Administrative Judge's fairness determination, affirming the Administrative Judge's
determination. As such, relief is now being offered.

You were identified as falling within Tier Three of the proposed Settlement Agreement, and
identified as having pending complaints falling within the scope of the Basu class action. As a
result, pursuant to the terms of the Settlement Agreement, you will receive the following
individual relief:

a.    A lump sum payment of Five Thousand Dollars ($5,000) for withdrawal of complaints
      before the EEOC.

If you decline the relief for withdrawal of your administrative complaint, you will be entitled to
an expedited hearing of your pending subsumed administrative claim of employment
discrimination.

Other details regarding the Settlement Agreement, including injunctive relief and information on
how to contact Class Counsel or the Administrative Judge was attached in the Notice required by
the EEOC under 29 C.F.R. § 1614.204(e).

*June 2, 2005*
*Page 2*

The Agency has identified the following complaint as eligible for resolution under the <u>Basu</u> class action Settlement:

010538

Your complaint of discrimination is resolved by the EEOC Administrative Judge's approval of the Settlement Agreement. You may not proceed further before the EEOC or a court on your claims of employment discrimination subsumed by the <u>Basu</u> class action. You have the choice of monetary relief or an expedited hearing of this claim before a neutral fact-finder.

<u>Election for Monetary Relief</u>: A form for withdrawing your pending complaint subsumed by the <u>Basu</u> class action is attached. Also, a form demonstrating your election to proceed with an expedited hearing is attached. If you elect to take the payment of $5,000, you must sign the withdrawal form, and have it sent by <u>June 13, 2005,</u> by a method demonstrating delivery (*e.g.*, via facsimile, FedEx, or return-receipt requested U.S. mail), to USDA's Office of the General Counsel and to Class Counsel James Hood at the addresses below:

Steven C. Brammer
U.S. Department of Agriculture
Office of the General Counsel
Civil Rights Litigation Division
Room 3312-S
1400 Independence Ave., SW
Washington, DC 20250-1400
(202) 720-4375
(202) 720-4089 (facsimile)

James P. Hood, Esq.
Class Counsel
1226 Eleventh St., NW
Washington, DC 20001
(202) 289-1130
(202) 371-2535 (facsimile)

<u>Election of Expedited Hearing</u>: As stated above, your complaint of discrimination subsumed by the <u>Basu</u> class action is resolved by the EEOC Administrative Judge's approval of the Settlement Agreement. You may not proceed further before the EEOC or a court on the claims of employment discrimination subsumed by the <u>Basu</u> class action. However, you may proceed to an expedited hearing of this claim, instead of receiving the payment referenced above. The expedited hearing of your claim will be conducted by a neutral fact-finder who will issue a decision with regard to the claim of discrimination. The hearing process will be similar to the process of a hearing before the EEOC, allowing for limited discovery, dispositive motions, pre-hearing submissions, and a decision by the neutral fact-finder as to whether the Agency has discriminated against you on the issues and bases you allege. <u>However, neither you nor the Agency will have the right to appeal the fact-finder's determination to the Agency, the EEOC, or any other administrative or judicial body.</u>

*June 2, 2005*
*Page 3*

If, instead of the payment of $5,000 for dismissal of the administrative complaint, you elect an expedited hearing of your claim, the appropriate form must be sent to USDA's Office of the General Counsel and to Class Counsel at the addresses above via facsimile, FedEx, or return-receipt requested U.S. mail, by June 13, 2005. The Agency cannot enter into separate settlement negotiations with you. Your choice is either the $5,000 payment or an expedited hearing of your claim.

If you need clarification of any of the terms of this letter, please contact Class Counsel James P. Hood.

Very truly yours,

Arlean Leland
Associate General Counsel
Civil Rights Division

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**WASHINGTON FIELD OFFICE**
**1801 L STREET, NW, SUITE 100**
**WASHINGTON, D.C. 20507-1002**

| | | |
|---|---|---|
| ARUN BASU, et al., | ) | |
| | ) | |
| Class Agents, | ) | |
| | ) | |
| v. | ) | EEOC No. 100-A1-7863X |
| | ) | Agency No. 000190 |
| MIKE JOHANNS, | ) | |
| Secretary, U.S. Department of Agriculture, | ) | |
| | ) | |
| Agency. | ) | **Administrative Judge:** |
| | ) | **Andrew Culbertson** |
| | ) | |

## WITHDRAWAL LETTER FORM

Complainant agrees to withdraw, with prejudice, and allow the U.S. Department of Agriculture's Office of Civil Rights to process as closed, the following claims as a result of the <u>Arun Basu</u> Class Action Settlement Agreement.

Complaint numbers:

| Number | Forum |
|---|---|
| Number | Forum |
| Number | Forum |
| Number | Forum |
| Number | Forum |
| Number | Forum |
| Number | Forum |
| Number | Forum |
| Number | Forum |
| Number | Forum |

Date: _____      Signed by:


_____
COMPLAINANT


_____
COMPLAINANT'S COUNSEL

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**WASHINGTON FIELD OFFICE**
**1801 L STREET, NW, SUITE 100**
**WASHINGTON, D.C. 20507-1002**

| | |
|---|---|
| ARUN BASU, et al., | ) |
| | ) |
| Class Agents, | ) |
| | ) |
| v. | )     EEOC No. 100-A1-7863X |
| | )     Agency No. 000190 |
| MIKE JOHANNS, | ) |
| Secretary, U.S. Department of Agriculture, | ) |
| | ) |
| Agency. | )     **Administrative Judge:** |
| | )     **Andrew Culbertson** |
| | ) |

## EXPEDITED HEARING FORM

I elect to proceed to an expedited hearing before a neutral fact-finder without appeal rights on claims contained in the following now-resolved administrative discrimination complaints as a result of the <u>Arun Basu</u> Class Action Settlement Agreement.

Complaint numbers:    _____

                       Number

                 _____

                       Number

                 _____

                       Number

                 _____

                       Number

                 _____

                       Number

                 _____

                       Number

                 _____

                       Number

                 _____

                       Number

Date: _____            Signed by:

                                    _____

                                    COMPLAINANT

                                    COMPLAINANT'S COUNSEL



**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

| United States Department of Agriculture | Office of Civil Rights Employment Complaint and Adjudication Division | Reporters Building, Room #607 300 7th Street SW Washington, DC 20050 |
|---|---|---|

**1. Name** (First)    (Mi)    (Last)

☒ Mr.  *FAZAL    RAHMAN*       [ ] USDA Employee    ☒ USDA Applicant

[ ] Ms. _____

**2. Address**

*P·O·BOX 1422*
(Street)

*GLENDALE, AZ 85311*
(City)

**3. Telephone Number**

Work ( )  *623-847-5853*

Home ( )  *623-847-5853*

**4. Name of Agency Which You Believe Discriminated Against You**

*1 - ARS*
*2 - ARS*

*1 - Beltsville, Maryland* (Office)
*2 - Albany, California*
(City)        (State)        (Zip)

**5.** Bases of discrimination on which you were counseled. The ten bases are age, race, color, national origin, religion, sex, physical or mental disability, marital status, sexual orientation, and reprisal. Be specific in your identification of bases (ie: age (55), sex (female), race (white).

*Race, National origin, age, Reprisal*

**6.** Issue(s) on which You Were Counseled (Do not include issues or allegations for which you did not receive counseling. Provide, if you deem necessary, additional details on reverse side.) Be specific with exact issue and the date of the issue. (IE: Non-selection to vacancy announcement USDA-96-174, Secretary, GS-318-9 on November 1, 1997, or two day suspension for misconduct on October 29 & 30, 1997.) You do not need to elaborate on why you feel this was discriminatory, you will be given the opportunity to support your complaint during the investigative process.

*1 - Non-consideration for the position of Assoc. Deputy Administrator Announcement # ARS-SES-00-12 at Beltsville, Maryland*
*2 - Non-Selection for the position of, Agricultural Administrator Announcement # ARS-X1W-1040 at Albany, California*

**7.** Representative, if any

_____                                     ( )
                                    (Telephone Number)
(Street)        (City)        (State)        (Zip)

**8.** Name of EEO Counselor

*Calvin Jacob*

**9.** Requested Corrective Action

*1 - offer of comparable position*
*2 - Relief for damages*

**10.** Signature

*Fazal Rahman*

Date *04/27/2001*
(Month) (Day) (Year)

*(Tab A)*

**USDA**

States
‑tment of
ture

. the
.t Secretary
.inistration

.f
jhts

Independence
.~nue SW

Washington, DC
20250

JUL 1 2 2001

Dr. Fazal Rahman
P. O. Box 1422
Glendale, AZ 85311

RE: EEO Complaint #010538

Dear Dr. Rahman:

Your complaint of discrimination against the Agricultural Research Service (ARS) is
considered filed on May 1, 2001. It has been assigned the complaint number shown above.
Please refer to this number in any communication regarding your complaint. We are
accepting and referring for investigation the following:

> Whether the agency subjected the complainant to discrimination based on his
> race (Asian), national origin (Pakistan), age (59) and in reprisal for prior
> EEO activity when he was not selected for the positions of Associate Deputy
> Administrator, Beltsville, MD, under Announcement #ARS-SES:00-12 and
> Agricultural Administrator, Albany, CA, under Announcement #ARS-X1W-
> 1040?

If you believe that the above issue(s) is not correctly identified, please notify the Chief,
Employment Complaints Division, in writing, within 7 calendar days after your receipt of
this letter, specifying why you believe that the issue(s) is not correctly identified. The office
address is: Employment Complaints Division, Office of Civil Rights, U.S. Department of
Agriculture, 1400 Independence Avenue, S.W., Stop Code 9440, Washington, DC 20250.

When the investigation of the accepted issue(s) of your complaint begins, you will be
contacted by an investigator. You should present to the investigator all information you
wish considered and the names of any witnesses you believe should be contacted. You must
cooperate with the investigator assigned. Failure to cooperate with the investigator may
result in the dismissal of the complaint.

The complaint was filed under 29 C.F.R. Part 1614, which requires that an impartial and
appropriate investigation be completed by the 180th day after the complaint was filed, unless
the parties agree to an extension up to 90 days. We normally will not delay the process
because of the regulatory time frames we must meet.

When you receive the investigation report, you will have the opportunity to request either
an agency decision based on the record or a hearing and a decision from an Equal
Employment Opportunity Commission (EEOC) administrative judge. You also have the
right to request a hearing from an EEOC administrative judge at any time after 180 days

**(Tab C )**

2

have passed since you filed your complaint and you have not received the investigation report. Should you request a hearing, you must send the request to the EEOC office designated in the initial letter we sent you acknowledging receipt of your complaint. As instructed in that letter, you must also certify to the EEOC that a copy of the hearing request was sent to this office at the following address:

> Chief
> Employment Complaints Division
> Office of Civil Rights
> U.S. Department of Agriculture
> 1400 Independence Avenue, S.W.
> Stop Code 9440
> Washington, DC 20250

If you have any questions or concerns regarding the status of your complaint, you may submit them in writing at the above-cited address or call (202) 720-7467. All written status requests should be marked ATTN: STATUS COORDINATOR.

> Sincerely,
>
> *Nicole N. Bousley*
>
> for Larry W. Newell
> Chief, Employment Complaints Division
> Office of Civil Rights

cc:    Korona Prince, ARS, Director, Civil Rights

## BRAMMER, STEVEN

| | |
|---|---|
| **From:** | RAHMFAZ6@cs.com |
| **Sent:** | Thursday, September 01, 2005 3:42 PM |
| **To:** | STEVEN BRAMMER |
| **Subject:** | USDA Case #010538 and #000190 |

**Attachments:** tmp.htm



tmp.htm (2 KB)

Mr. Brammer:

I received your letter of August 24, 2005, today, on September 1. In that letter, you have demanded that I return the completed form for withdrawal of my individual employment discrimination case #010538 or the expedited hearing form by September 2, i-e., tomorrow!

To begin with, such a short notice is totally unreasonable and coercive.

After the complacent and illegal actions of EEOC on my appeal, I have been given 90 days to file a case in a federal court. I still have this whole month to do that. The case is being prepared and probably will be filed in the Federal District Court in Phoenix, Arizona, next week. You will get a copy of that filing.

As explained in my previous communications on this issue, my case #010538 is also part of my Class Action Case #020077, EEOC Appeal #01A50945. In its previous decision on EEOC Appeal #01A24350, involving the same class and individual cases, on page 3, the Commission had directed the agency to hold case #010538 in abeyance, in association with my USDA Class Action Case #020077. That case and appeal have still not been decided yet.

It would be in violation of EEOC orders and regulations to coerce me into withdrawing my case or subjecting it to the so-called expedited hearing by some hired thug of the agency, in the selection whom I am not given any role.

I am still willing to negotiate these matters on the basis of fairnes, justice, absence of coercion and discrimination, and some elementary human values and decency. However, once I file the case in the court, I intend to go all the way until all the class and individual issues are resolved with full justice.
 The agency will also be liable for attorney fees and other expenses. If you wish to discuss these matters, you may contact me by email or telephone at (623)847-5853.

Fazal Rahman, Ph.D.