UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **FAZAL RAHMAN, Ph.D.,**<br><br>    **Plaintiff,**<br>        v.<br><br>**MIKE JOHANNS, SECRETARY, U.S. DEPARTMENT OF AGRICULTURE,**<br><br>    **Defendant.** | Civil Action No. 06-1283  (JDB) |

## MEMORANDUM OPINION

Plaintiff Fazal Rahman, proceeding pro se, brings this action alleging that he was not selected for two positions at the U.S. Department of Agriculture ("USDA") because of his race. He also challenges the lawfulness of an administrative class action settlement agreement ("the Basu settlement") resolving claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, by a broader class of Asian/Pacific American employees against the USDA. Defendant initially sought dismissal of the complaint on the ground that it was too vague to satisfy the minimal notice pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure. The Court denied the motion to dismiss, explaining that the factual allegations were sufficiently detailed to provide notice of plaintiff's individual claims concerning discriminatory nonselection and plaintiff's challenge to the EEOC approval of the Basu settlement agreement. See Rahman v. Johanns, 501 F. Supp. 2d 8, 16-19 (D.D.C. 2007). Defendant has now filed a motion to dismiss plaintiff's challenge to the Basu settlement agreement for lack of standing as well as a motion for extension of time to answer the remaining discrimination claim pending resolution of the second motion to dismiss. In response, plaintiff has filed his opposition and a

motion for the disclosure of information concerning an investigation by the Government Accountability Office ("GAO") into civil rights problems at USDA.

## DISCUSSION

It is well-established that, to have standing to pursue a claim, a plaintiff must demonstrate an "injury-in-fact," a causal connection between the injury and the conduct complained of, and redressability of the injury. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Here, defendant contends that plaintiff lacks standing because he is not a member of the Basu class and, thus, has suffered no injury from the Basu settlement agreement. See Def.'s Mem. at 4-5. Defendant bases this contention on the May 2005 decision by the EEOC Office of Federal Operations ("OFO"), issued in response to plaintiff's administrative appeal of the approval of the Basu settlement agreement, which concluded that plaintiff is not a member of the Basu class. Def.'s Mem. at 4 (citing Compl., Exhibit 7)).

There are, however, significant problems with defendant's argument. First, as defendant candidly acknowledges, the record in this case to date is replete with agency documents describing plaintiff as a member of the Basu class, subsequent to and notwithstanding the EEOC OFO determination. The USDA sent letters to plaintiff dated June 2, 2005, and August 24, 2005, stating that his "pending complaints fall[] within the scope of the Basu class action" and, specifically, that he falls within "'Tier Three'" of the Basu settlement agreement. See Def.'s Mem., Declaration of James H. Bradley ("Bradley Decl.") and accompanying exhibits. Second, the final approval of the settlement agreement states that the approved class encompasses USDA employees who filed complaints from "1994 to September 2, 2003." See Compl., Exhibit 1 at 3. That time period clearly encompasses plaintiff's administrative complaints challenging his two

nonselections, which defendant concedes were filed in 2001.  See Bradley Decl. ¶ 12.  Furthermore, defendant states that the USDA has held plaintiff's administrative complaints in abeyance specifically because of the Basu settlement agreement.  See Def.'s Mem. at 4.  In short, the record currently before the Court is, at best, inconclusive as to whether the settlement agreement excludes plaintiff, notwithstanding the EEOC OFO determination.

     More significantly, defendant's standing argument, although jurisdictional in nature, would require the Court to render a judgment on the merits of plaintiff's challenge to the approval of the Basu settlement agreement.  The administrative decision that plaintiff challenges is the very decision by the EEOC OFO in May 2005 determining that the class is limited to "current" USDA employees (and hence excludes plaintiff) and affirming the administrative judge's final approval of the settlement on that basis.  See Compl. at 1.[1]  Indeed, the crux of plaintiff's challenge to the Basu settlement is that limiting the class to "current" USDA employees is unfair.  See Compl. at 2-6.  And part of his argument in support of setting aside the OFO decision is that USDA has taken contradictory positions on the scope of the class in order to obtain approval of the settlement.  Id. at 6 ("Now they are saying that people like myself, who are not current employees of the agency, are not excluded from the Class and from the relief.").  Thus, a decision on standing based on whether plaintiff is a part of the class would substantially overlap with the merits issues raised by plaintiff -- that is, whether the EEOC reasonably construed the scope of the class and

---

[1] The complaint states that the OFO dismissed plaintiff's administrative appeal challenging the approval of the settlement agreement (citing the May 2005 decision, Exhibit 7), and that OFO then "rejected my request for reconsideration of its decision on my appeal #01A52527 against [the] EEOC Administrative Judge's . . . approval of the Settlement Agreement . . . .  The OFO-EEOC issued the Right to Sue [notice] on the same date . . . .  The case is being filed within those time limits."  Compl. at 1.

whether plaintiff falls within it. Such an undertaking, then, would run afoul of this circuit's caution that, "[i]n reviewing the standing questions, the court must be careful not to decide the questions on the merits for or against the plaintiff, and must therefore assume that on the merits the plaintiffs would be successful in their claims." Muir v. Navy Federal Credit Union, 529 F.3d 1100, 1105 (D.C. Cir. 2008); accord Florida Audubon Soc'y v. Bentsen, 94 F.3d 658, 664-65 & n.1 (D.C. Cir. 1996) (en banc).

Of course, it may be the case that, based on a complete record, defendant may yet establish that OFO reasonably concluded that plaintiff is not a member of the class and that his individual claims of discrimination are unaffected by the settlement agreement. But the Court cannot so conclude on the present record. Thus, the Court will deny defendant's motion to dismiss without prejudice to renewal at a later stage of the litigation.[2]

This leaves the question of what should next occur in this case. In a typical employment discrimination case, the next stage would be the filing of an answer and discovery. However, this case is far from typical because of the apparent connection of plaintiff's administrative claim to the Basu settlement. Furthermore, the administrative judge's final approval of the settlement agreement states that "class members may not 'opt out' of the defined class," which suggests that if, in fact, plaintiff is a member of the class, his individual claims may be limited or perhaps even

---

[2] Defendant also suggests that plaintiff's claim concerning the Basu settlement agreement is time-barred on the ground that plaintiff filed his complaint more than 90 days after the EEOC issued a right to sue letter. See Def.'s Mem. at 5 n.1. However, the EEOC right to sue letter states that "[f]or timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed." Compl., Ex. 2. The decision was mailed on June 28, 2005. Plaintiff's judicial complaint was filed on September 30, 2005 -- well within the 90 day period with an additional five calendar days for mail notice.

extinguished.[3]  Thus, it appears that the issue of plaintiff's membership in the class -- and, inherently, the OFO decision that he is not part of the class -- ought to be addressed at the outset, before discovery takes place.

In addition, the Court has some reservation as to whether it has jurisdiction to review the OFO decision. In the course of researching the issues involved in this case, the Court has found no case in which a federal district court reviewed the merits of an administrative settlement agreement resolving discrimination claims pursuant to 29 C.F.R. § 1614.204 or any other authority. Notwithstanding that apparent dearth of authority, the Court is certainly cognizant that the Administrative Procedure Act provides the basis for judicial review of a "final agency action for which there is no adequate remedy in a court," 5 U.S.C. § 706, and defendant has alluded to the reviewability of the EEOC decisions at issue pursuant to the APA. See Def.'s Opp. to Pl.'s Mot. for Prelim. Injunction at 6 (suggesting that judicial review of EEOC approval of the settlement agreement should be based on the APA "arbitrary and capricious" standard). Presumably, then, the EEOC -- not USDA -- would receive the traditional deference under that APA standard. In contrast, plaintiff presumes that Title VII provides the mechanism for judicial review of the approval of the settlement agreement, and appears to assume the Court would review de novo whether the EEOC approval of the settlement agreement is "fair, adequate and reasonable to the class as a whole" under 29 C.F.R. § 1614.204. See Compl. at 2-12.

With these concerns noted, the Court will provide the parties an opportunity to submit

---

[3] The ALJ cites EEOC Management Directive 110 (MD-110) in support of this proposition. Compl., Exhibit 1, at 12 n.10. This directive states: "The class members may not 'opt out' of the defined class." See MD-110, Section V.C (available at http://www.eeoc.gov/ federal/md110/ chapter8.html). But cf. MD-110, Section XI and 29 C.F.R. § 1614.204 (*l*) (discussing procedures for a class member who "believes that he or she is entitled to individual relief").

5

memoranda addressing how the case should now proceed.  In particular, those memoranda should address: (1) the Court's jurisdiction to review the EEOC decisions at issue under the APA or any other federal statute, and whether the EEOC is a necessary party;[4] (2) the standard of review; (3) the filing of the <u>Basu</u> administrative record; (4) the impact of class membership -- or exclusion from the class -- on plaintiff's individual claims of discriminatory nonselection; and (5) whether, if plaintiff's individual claims survive independent of the <u>Basu</u> class settlement, this Court should permit USDA to consider those longheld-in-abeyance claims first.  After consideration of such memoranda, the Court will enter a scheduling order.

## **CONCLUSION**

For the foregoing reasons, the Court will deny without prejudice defendant's motion to dismiss plaintiff's claim concerning the <u>Basu</u> settlement agreement, and will grant defendant's motion for extension of time to file an answer to the complaint pending further order of the Court. The Court will deny plaintiff's motion for disclosure of information concerning a GAO investigation into civil rights issues at USDA.

A separate order has been posted on this date.

/s/
JOHN D. BATES
United States District Judge

Date:  August 25, 2008

---

[4] These decisions appear to be the final decision by the EEOC administrative judge approving the <u>Basu</u> settlement agreement on December 7, 2004, the EEOC OFO affirmance thereof and dismissal of plaintiff's appeal on May 3, 2005, and the EEOC OFO denial of reconsideration on June 28, 2005.