UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FAZAL RAHMAN, Ph.D.,

    Plaintiff,

        v.                                                                 Civil Action No. 06-1283  (JDB)

THOMAS J. VILSACK,[1]
U.S. Secretary of Agriculture,

    Defendant.

## MEMORANDUM and ORDER

Plaintiff Fazal Rahman, proceeding pro se, challenges an administrative class action settlement agreement resolving discrimination claims brought by a group of Asian/Pacific-American employees against the U.S. Department of Agriculture ("USDA") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Rahman also alleges that he was not selected for two positions at USDA because of his race. Currently before the Court is [50] USDA's motion for partial summary judgment, as well as [57] Rahman's "Motion for A Fair Relief Under the Basu Class Settlement." For the reasons detailed below, the Court will grant USDA's motion and deny Rahman's motion.

## BACKGROUND

Rahman, an American of Pakistani descent, is a former USDA employee. In 2001, after being turned down for two high-level positions at the agency, Rahman filed an Equal

---

[1] Former U.S. Secretary of Agriculture Mike Johanns was named as the original defendant in this case. Pursuant to Federal Rule of Civil Procedure 25(d), the Court automatically substitutes his successor, Thomas J. Vilsack, as the new defendant.

Employment Opportunity complaint.  See Def.'s Jan. 22, 2009 Mem. [Docket Entry 44], Exhibit 1.  In his complaint, Rahman alleged that he had been discriminated against on the basis of his race, national origin, age, and in reprisal for prior protected activity.  See id.

Before the Equal Employment Opportunity Commission ("EEOC") considered the merits of his claims, however, it held Rahman's complaint in abeyance pending the resolution of a separate administrative class action then proceeding before the EEOC ("the Basu class action").  See id., Watts Decl. ¶ 3.  The Basu class, as initially conditionally certified by the EEOC, consisted of "all Asian employees of the agency who were eligible for but have not received promotions and all Asian persons who have applied for positions with the agency but have not been selected."  Id., Exhibit 10, at 5.  The parties do not dispute that plaintiff falls within this definition.

The parties to the Basu class action entered into a Settlement Agreement in late 2003.  See id., Exhibit 9 (Settlement Agreement).  The agreement altered the conditionally-certified class definition to include only "[a]ll current Asian/Pacific Islander employees at the GS-7 level and above who were eligible for but have not received promotions and all Asian/Pacific Islander current employees who were eligible for and have applied for positions with the Department but have not been selected."  Id., Exhibit 9, at 2 (emphases added).

Rahman filed an objection to the proposed settlement with the EEOC.  He argued that it was unfair to narrow the class definition, and that the class agents were set to receive an unduly large portion of the settlement.  See id., Exhibit 21.  Rahman also asked to intervene on behalf of the class.  See id., Exhibit 22.  The EEOC administrative judge acknowledged Rahman's (and others') objections, but nevertheless granted final approval to the settlement agreement, finding it

to be "fair, adequate, and reasonable to the Class as a whole." Id., Exhibit 20, at 2 n.1, 12.

Rahman appealed the settlement's approval to the EEOC's Office of Federal Operations ("OFO"). See id., Exhibit 24 (notice of appeal). OFO affirmed the settlement's approval. It concluded that the settlement agreement's plain language excluded Rahman from the Basu class, and "[b]ased on [this] finding that [he] is not a class member entitled to relief pursuant to the subject settlement agreement," declined to address Rahman's argument that the settlement was unfair to class members. Id., Exhibit 29, at 7.

Rahman filed a motion for reconsideration, id., Exhibit 30, as well as a request for OFO to prevent USDA from implementing the settlement agreement, id. Exhibit 32. OFO denied both motions. See id., Exhibit 35.

Rahman then sued USDA in federal district court, seeking an order enjoining implementation of the Basu settlement agreement, a declaration that the agreement is void, and an order requiring USDA to restore the original class definition and negotiate a fair agreement with a new set of class agents. See Compl. at 17-18. He also requested backpay for his individual Title VII claims, compensatory and punitive damages, and the "offer of a suitable position" of employment. See Compl. at 18.[2]

This Court has twice denied motions to dismiss Rahman's challenge to the Basu settlement agreement. See Rahman v. Johanns, 575 F. Supp. 2d 132 (D.D.C. 2008) [Rahman II], Rahman v. Johanns, 501 F. Supp. 2d 8 (D.D.C. 2007) [Rahman I]. In its most recent opinion, the Court instructed the parties to submit memoranda addressing, among other things, whether the Court has

---

[2] Rahman filed his complaint in the United States District Court for the District of Arizona. The case was transferred to this Court upon USDA's motion.

jurisdiction to review the EEOC's decisions regarding the Basu settlement agreement. Rahman II, 575 F. Supp. 2d at 135. After reviewing these memoranda, the Court asked the parties to submit their views on whether, "assuming th[e] Court has jurisdiction to review the EEOC's determination that plaintiff is not a member of the Basu settlement class, the Court should nonetheless affirm that determination." See Oct. 12, 2009 Order [Docket Entry 49], at 1. The Court now has before it the parties' responses to that order, as well as motions filed by both parties -- including USDA's motion for partial summary judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and the evidence demonstrate that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may successfully support its motion by identifying those portions of "the pleadings, the discovery and disclosure materials on file, and any affidavits" which it believes demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c); see Celotex, 477 U.S. at 323.

## ANALYSIS

### I. Rahman's Challenges to the Basu Settlement Agreement

Rahman challenges the EEOC's approval of the Basu class settlement agreement. He alleges that the EEOC's "approval of the settlement agreement, including the class definition . . . violates Title VII and the Equal Protection Clause." Rahman I, 501 F. Supp. 2d at 17 (characterizing Rahman's complaint); see also Rahman II, 575 F. Supp. 2d at 134 ("Indeed, the

crux of plaintiff's challenge to the Basu settlement is that limiting the class to 'current' USDA employees is unfair."); Compl. at 2-6.  In short, Rahman asks this Court to review the EEOC's approval of the Basu settlement -- just as a court of appeals would normally evaluate a district court's approval of a class settlement.

The Court may only review the settlement agreement, however, if Rahman has standing to bring his claim.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."); Mayfield v. Barr, 985 F.2d 1090, 1092 (D.C. Cir. 1993) (standing required to challenge class action settlement).  It is generally the case that "nonsettling parties in multi-party cases lack standing to object to settlement agreements on appeal."  Mayfield, 985 F.2d at 1092; see also In re Vitamins Antitrust Class Actions, 215 F.3d 26, 29 (D.C. Cir. 2000) ("'[T]hose who fully preserve their legal rights cannot challenge an order approving an agreement resolving the legal rights of others.'" (quoting Mayfield, 985 F.2d at 1093)); In re Integra Realty Res., Inc., 262 F.3d 1089, 1102 (10th Cir. 2001) ("Non-settling defendants generally have no standing to complain about a settlement, since they are not members of the settling class." (quotation omitted)).  Therefore, to demonstrate standing to challenge the Basu settlement agreement, Rahman must be a member of the Basu class.[3]

He is not: the plain language of the Basu settlement excludes Rahman.  The Basu

---

[3] In several letters sent to Rahman in 2004 and 2005, USDA took the position that Rahman was indeed a member of the Basu settlement class, although it now contends this position was incorrect.  See Def.'s Jan. 22, 2009 Mem., Exhibit 16 ("You have been identified as falling within . . . the proposed Settlement Agreement."); Exhibit 31, at 1 (same); Exhibit 36 (similar).  USDA's earlier position, however, is irrelevant to the Court's review of the EEOC's approval of the settlement.

settlement defines the class to include "all current Asian/Pacific Islander employees at the GS-7 level and above who were eligible for but have not received promotions and all Asian/Pacific Islander current employees who were eligible for and have applied for positions with the Department but have not been selected."  Def.'s Jan. 22, 2009 Mem., Exhibit 9, at 3.  It is undisputed that by November 14, 2003 -- the date the agreement was signed -- Rahman no longer worked for USDA.  See id., Exhibit 41, at 2, 29.  Thus, he is not a member of the Basu class.[4]

To be sure, even non-class members, like Rahman, may have standing to challenge a class action settlement when the settlement will "prejudice" them.  See Mayfield, 985 F.2d at 1093.  "'[P]rejudice' in this context means 'plain legal prejudice,' as when 'the settlement strips the party of a legal claim or cause of action.'"  Id. (quoting Agretti v. ANR Freight Sys., 982 F.2d 242, 247 (7th Cir. 1992)).  This settlement, however, has no impact on Rahman's individual claims of discrimination, which remain pending in this Court.  Rahman's "'right to litigate [his] claims independently'" remains "fully preserved," and he therefore cannot challenge the settlement as a non-class member.  In re Vitamins Antitrust Class Actions, 215 F.3d at 31 (quoting Mayfield, 985 F.2d at 1093).[5]

In sum, because Rahman is not a member of the Basu class, he lacks standing to challenge

---

[4] The EEOC came to this conclusion as well.  See id., Exhibit 29, at 7.  The Court need not decide whether the agency's determination should be afforded deference, however, as it reaches the same conclusion even under a de novo review.

[5] It may be the case, as Rahman insists, that the existing Basu settlement is unfair and perhaps even unlawful.  But such considerations are irrelevant to the Court's standing analysis.  See Agretti, 982 F.2d at 247 ("Nor do we know of any cases finding standing for a non-settling party because a settlement is allegedly illegal or against public policy.").

the EEOC's approval of the settlement agreement.[6]

## II. Rahman's Individual Claims of Discrimination

Having concluded that it lacks jurisdiction to review Rahman's challenges to the Basu settlement agreement, the Court must decide how to proceed with Rahman's individual claims of discrimination.[7]  USDA does not dispute that Rahman's individual claims are properly before the Court.  See Def.'s Mot. for Partial Summ. J. [Docket Entry 50], at 6.  Nevertheless, it asks the Court to remand Rahman's individual claims to the agency to allow it to consider his individual claims in the first instance.  Id.

Rahman objects, noting that he has exhausted his administrative remedies, and thus "has every right to pursue these cases in federal district court."  Pl.'s Resp. to Def.'s Mem. [Docket Entry 45], at 11-12.  The Court agrees.  It has now been eight years since Rahman first filed his administrative complaint alleging individual claims of discrimination, and four years since he filed his complaint in federal district court.  There is little to be gained through an additional remand that will, in all likelihood, simply delay this Court's review of Rahman's legal claims.  The Court will therefore require USDA to answer Rahman's claims of individual discrimination.  Of course,

---

[6] The Court previously denied without prejudice USDA's motion to dismiss Rahman's complaint for lack of standing. Rahman II, 575 F. Supp. 2d at 133-34.  In doing so, the Court concluded that "the record currently before [it]" -- which did not include the settlement agreement itself -- "is, at best, inconclusive as to whether the settlement agreement excludes plaintiff." Id. at 133.  The Court also found that resolving the standing question at that time "would substantially overlap with the merits issues raised by plaintiff." Id. at 134.  The Court now has before it sufficient documentation concerning the Basu agreement to make a determination as to Rahman's standing.

[7] The Court has granted USDA's motion for an extension of time to respond to these individual claims pending resolution of Rahman's challenge to the Basu settlement agreement. See Rahman II, 575 F. Supp. 2d at 135.

in the meantime, there is nothing that prevents USDA from further "considering" Rahman's remaining claims and discussing some resolution with him.

## CONCLUSION

Upon consideration of the parties' motions, the parties' several memoranda, and the entire record herein, it is hereby

**ORDERED** that [50] USDA's motion for partial summary judgment is **GRANTED**; it is further

**ORDERED** that [57] Rahman's motion for fair relief is **DENIED**; and it is further

**ORDERED** that USDA shall answer or otherwise respond to Rahman's remaining individual claims of discrimination by not later than January 11, 2010.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Date: December 14, 2009